BEAUDROT v. MURPHY.

1. CONSTITUTION—PRIVATE WAY.—SECS. 1175 TO 1180, REV. STATS., relating to condemnation of private way across lands of another to highway, are contrary to and repealed by Con. of 1895.

2. PRIVATE WAY.—To entitle a land owner to a right of way across the lands of his neighbor to the highway, under Rev. Stats. 1175 to 1180, he must be completely walled in.

3. JURISDICTION—JUDGMENT.—A Court without jurisdiction cannot render a valid judgment.

Before ALDRICH, J., Greenwood, December, 1897. Affirmed.

Action by M. A. Beaudrot *v.* H. H. Murphy, for injunction. From judgment for plaintiff, defendant appeals.

*Messrs. Giles & Magill,* for appellant, cite: *Sections 1175 to 1180 not annulled by Constitution of 1895:* 14 S. C., 424; Rev. Stat., 1179; 52 S. C., 127; 1 McC., 238; 3

DeS., 466; 15 S. C., 593. *Injunction could not be granted against defendant after way laid out:* Rev. Stat., 1177; 9 S. C., 303; Rich. Eq. Cases, 143; 10 Rich. Eq., 308; 29 S. E. R., 428. *Court created by statute, with jurisdiction prescribed by statute, cannot be restrained by Court of Equity:* 9 S. C., 308; 14 S. C., 417.

*Messrs. Sheppards & Grier,* contra, cite: *Defendant not entitled to right of way:* Rev. Stat., 1175; 14 S. C., 424. *Private property cannot be taken for private use without consent of owner:* Con. 1895, art. 1, sec. 17; 14 S. C., 425; Con. 1895, sec. 3, art. 17; 52 S. C., 120.

Aug. 6, 1898. The opinion of the Court was delivered by

MR. JUSTICE POPE. H. H. Murphy, under a supposed right to do so, began tearing down the fencing of Mrs. M. A. Beaudrot, in the town of Greenwood, in this State, which fencing enclosed her lands in said town. Mr. Murphy based his right to molest the property rights of Mrs. Beaudrot not because he was the owner thereof, but because, under sections 1175 to 1180 of the Revised Statutes of this State, he conceived that he could obtain a right of way from his dwelling house over the lands of Mrs. Beaudrot, without her giving him any consent therefor; when, in fact, he had already a right of way whereby he could enter his lot and leave the same, but which he thought was somewhat inconvenient, and also when, in fact, Mrs. Beaudrot's land did not entirely surround his lot. Upon complaint of Mrs. Beaudrot, setting forth these facts, and upon the answer of Mr. Murphy, and on an agreed statement of facts, the case was heard by Judge Aldrich. He very promptly made an order perpetually enjoining Mr. Murphy from interfering with the property of Mrs. Beaudrot, on the ground that, under the Constitution of our State, adopted in 1895, even if Mr. Murphy had pursued the course pointed out in sections 1175 to 1180 of our Revised Statutes, that, inasmuch as Mrs. Beaudrot had never consented to allow her property

to be used by him, such sections were unconstitutional and, therefore, void. From this order of Judge Aldrich, Mr. Murphy now appeals to this Court.

It seems that, under sections 1175 to 1180, it is provided that in the event the owner of a piece of land, surrounded on all sides by lands owned by private persons, and without any right of way from the land so surrounded to the nearest highway, may obtain the aid of a referee, named by himself, with the right in the owner of the land, whereon the right of way is to be located, to name a second referee, and these two referees to select a third referee to locate this private way. These sections were made up from the provisions of an act of the General Assembly, passed in the year 1872. These sections received a construction in the suit, *State ex rel. Hamer v. Stackhouse*, 14 S. C., 424. By that decision, this Court held that such sections were not unconstitutional, so far as the Constitution adopted in the year 1868 was concerned. Murphy pursued these sections strictly, and the referee named by him alone acted, as Mrs. Beaudrot refused to act. Not only did Mrs. Beaudrot refuse to act, but she refused to accept any compensation, or allow Murphy to use the road. The provision of the Constitution of 1895, upon which Judge Aldrich bottomed his ruling, is in these words: "Art. I., sec. 17. Private property shall not be taken for private use without the consent of the owner * * *" These words are very peremptory. Art. XVII., sec. 11, Constitution 1895, provides that "The provisions of all laws which are inconsistent with this Constitution shall cease upon its adoption, except that all laws which are inconsistent with such provisions of this Constitution as require legislation to enforce them shall remain in force until such legislation is had." This Court, in the recent case of *Bank of Orangeburg* v. *Kohn*, 52 S. C., 120, held that the words quoted by us are, "in effect, the usual repealing words of a statute." This being so, there is no question but that the Circuit Judge was correct.

But apart from the unconstitutionality of these sections

under the recent Constitution of this State upon the facts admitted in the record, the referee appointed by Murphy was without authority to act, for the condition precedent to his appointment did not exist—Murphy was not walled in, so to speak, without a way to go to and return from a highway. He had a way, but it was an inconvenient way. This will not do.

Appellant contends that Mrs. Beaudrot not having appealed, was bound by the action of the referee. A Court without jurisdiction cannot render a valid judgment. Its judgment may be disregarded and objected to at any time. We see no error in the conclusion reached by the Circuit Judge.

It is, therefore, the judgment of this Court, that the judgment of the Circuit Court be affirmed.