[S. F. No. 8431.  Department One.—February 18, 1918.]

In the Matter of the Estate of WILLIAM J. BRADY, Deceased. EDWARD R. BRADY et al., Appellants, v. ELIZABETH F. BROPHY et al., Respondents.

ESTATES OF DECEASED PERSONS—RIGHT TO ADMINISTER—RESIDENCE DEPENDENT ON INTENTION—DUAL HOMES—ACTS AND DECLARATIONS.—Where a person who claims the right to letters of administration of the estate of a decedent maintains as homes establishments of substantially the same sort at two different places, his residence depends upon his intention as manifested by his acts and declarations on the subject.

ID.—DIRECTORIES AND TELEPHONE BOOKS.—Entries in directories and telephone books not shown to have emanated from the decedent in such case were entitled to no weight as evidence of legal residence.

ID.—PRESUMPTION OF CONTINUANCE OF ORIGINAL RESIDENCE.—The fact in such case that the decedent's original residence was in San Francisco is of no force to raise the presumption that it continued to be there as against positive evidence that he deliberately changed it in 1914.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco. Thomas F. Graham, Judge.

The facts are stated in the opinion of the court.

Metson, Drew & Mackenzie, and E. H. Ryan, for Appellants.

Walter H. Linforth, and Charles F. Hanlon, for Respondents.

SHAW, J.—This is an appeal from an order appointing the respondents administratrices of the estate of William J. Brady, deceased.

Brady died in the city and county of San Francisco, on April 11, 1917. The respondents Elizabeth F. Brophy and Gabrielle G. Traynor, daughters of said decedent, filed a petition in the San Francisco superior court, asking that they be appointed administratrices of said estate. The appellants Edward R. Brady, a son, and Mary L. Hyde, a

daughter of said decedent, appeared in opposition to the application, and alleged that at the time of the death of said decedent he was not a resident of the city and county of San Francisco, but was a resident of the county of Marin, and that in consequence thereof the superior court of the city and county of San Francisco had no jurisdiction of the estate. The only question presented upon this appeal is whether or not the said decedent was a resident of San Francisco or a resident of the city of Ross in the county of Marin. The finding of the court was that he was a resident of San Francisco, and thereupon letters were issued to the respondents as prayed for. The substance of the evidence may be briefly stated.

For some twenty years prior to his death Brady had owned a house which he occupied as a home, at 182 Devisadero Street, in San Francisco, and another house situated in the city of Ross in the county of Marin, which he also occupied as a home, spending five of six months of each year during the winter in San Francisco, and five or six months during the summer in Ross. Until the year 1914 he claimed the city of San Francisco as his residence, and registered as a voter and voted there. His habit of life during all these years was as above stated, to live about half of each year in San Francisco, and the other half in Ross. During the time he lived in San Francisco he frequently went to Ross at weekends, and remained there a day or two, returning then to San Francisco. It was also his habit while he stayed in San Francisco, to go to Ross each day and return to San Francisco in the evening. He kept a large part of his clothing in Ross while sleeping in San Francisco. In July, 1914, he had his registration in San Francisco canceled, and registered as a voter in Marin County, stating in his affidavit for that purpose that his residence was at the city of Ross. He had nine children, including the two respondents, seven of whom resided in and about San Francisco. The two respondents did not testify. The other five children living near San Francisco testified as witnesses, declaring that at the time of changing his registration, and afterward, the decedent repeatedly said to them that he had changed his residence from San Francisco to Ross with the purpose of becoming a citizen of Ross. In pursuance of this intent, and under this registration, he voted at Ross in that year at the

primary election, and also at the general election. Thereafter, in February, 1916, he again registered as a voter in the county of Marin, declaring that his residence was in precinct No. 2, in the city of Ross. In pursuance of this registration he again voted in that city at the primary election in August. He also told Mr. Metson and Mr. Drew, the only other persons who testified, that he was a resident of Ross, and that he voted there. This was all the evidence on the subject of his residence, except the telephone books and the San Francisco city directories for 1914, 1915, and 1916, each of which showed an entry of his name, and gave his residence at 182 Devisadero Street, San Francisco. There was no proof, however, that either of these entries was authorized by him, but his daughter, Mrs. Hyde, who lived with him and kept house for him, testified that she had his name put in the telephone book because nobody knew where to find him, and that her father never used the telephone. There was also admitted in evidence a notice of his death, published thereafter in a newspaper, and a certificate from the California state board of health, showing the report of his death made by his son, Edward R. Brady. Each of these documents stated that his residence was 182 Devisadero Street. Each of course was prepared after his death.

We do not think that the court below was justified from this evidence in finding that the deceased, at the time of his death, was a resident of San Francisco. His habit of living a part of the time in San Francisco, and a part of the time in Ross, and of maintaining substantially the same sort of an establishment at each place, made the place of his residence depend upon his intention as manifested by his acts and declarations on the subject. The outward evidences as to his residence were the same with respect to each place. He had the absolute right to fix the place of his residence at either place as he chose. The evidence that he did change the place of his residence from San Francisco to Ross is positive, clear, and convincing, and it comprises all the substantial evidence on the subject. A court is not at liberty to overrule the determination of the decedent, or to disregard such evidence, in the absence of any substantial evidence to the contrary. The entries in the telephone books were first inserted in 1914, and they were explained by the testimony of Mrs. Hyde, that she had them inserted so that

people would know where to find him in San Francisco. The entries in the directories were not shown to have emanated from Brady, and in the face of his conduct and declarations as to his residence in Ross, they are entitled to no weight as evidence of legal residence. The presumption that a person is innocent of crime is very strong, and it is not to be assumed, in the absence of substantial evidence of the fact, that Brady committed perjury in making his affidavits of registration. The fact that his original place of residence was San Francisco is of no force to raise the presumption that it continued to be there after the year 1914, as against the positive evidence that in that year he deliberately changed it to the city of Ross. The evidence does not support a finding that at the time of his death he was a resident of San Francisco.

The order is reversed.

Sloss, J., and Richards, J., *pro tem.*, concurred.

Hearing in Bank denied.