**WHITE v. BAKER et al.**
No. 3314.

Court of Civil Appeals of Texas. Beaumont.
May 31, 1938.

R. M. Briggs, of Kountze, for appellant.

Jas. F. Parker and Donald Allums, both of Kountze, for appellees.

O'QUINN, Justice.

On the 22nd day of December, 1936, appellees, Gertie McDonald Baker, joined by her husband, and Earnest McDonald, instituted this suit in trespass to try title against appellant, Max White, to recover an undivided one-half interest in a certain tract of 52 acres of land in Hardin County; appellant made Scott McDonald, his grantor, a party defendant, praying for judgment against him on his warranty. On trial to the court without a jury, on an agreed statement of facts, judgment was entered in favor of appellees for the interest in the land sued for, and in favor of appellant against Scott McDonald, on his warranty, for the sum of $695. From the judgment appellant has duly prosecuted his appeal to this court. We give the agreed statement of facts:

"Agreed Facts

"Scott McDonald and Ariel McDonald were husband and wife; said Ariel McDonald died on the 27th day of January, A. D. 1923 in Hardin County, Texas; she left surviving her the following children and none other, towit: Earnest West McDonald, a son, 12 years of age at the time

of her death, and Gertie Lou McDonald, a daughter, 15 years of age at that time, and who is now married to Clyde Baker, and said Ariel McDonald left no other children nor children of any deceased children of hers; said Ariel McDonald died intestate as aforesaid; at the time of her death, she, the said Ariel McDonald and said Scott McDonald did not reside on the land in controversy, but resided in the town of Silsbee, Hardin County, Texas, on other property owned by them; on the 25th day of February, A. D. 1924, Scott McDonald filed his application in the County Court of Tyler County, Texas, to be appointed as Survivor in Community of the estate of himself and his deceased wife, Ariel McDonald; said Scott McDonald filed his inventory, appraisement and list of claims, bond and the Court appointed appraisers— all proceedings taken and made on said application is fully shown in copies of the proceedings in Estate of Ariel McDonald, deceased, in cause No. 460, in the County Court of Tyler County, Texas, attached hereto, marked exhibit 'A' and made a part hereof.

"The community estate between said Ariel McDonald, deceased, and said Scott McDonald, left by her at said time of her death was located partly in Tyler County, Texas, and partly in Hardin County, Texas, as shown by the inventory, appraisement and list of claims as filed by said Scott McDonald in said cause No. 460, save and except that in said inventory, appraisement and list of claims, the 52 acres in controversy herein is described as being on the Raferty League in Hardin County, Texas, when as a matter of fact the said 52 acres of land therein listed was 52 acres on the Joseph Ellery League in Hardin County, Texas, and said Scott McDonald and the said Ariel McDonald did not own any land at all on said Raferty League in Hardin County, Texas.

"On the 16th day of January, A. D. 1929, defendant, Max White, loaned Scott McDonald $1,000.00; as security for the repayment of said loan, Scott McDonald and his then wife, Jimmie McDonald, executed and delivered to said Max White a deed to the land in controversy herein and intended said deed to be a mortgage on said land, a copy of such instrument being attached hereto, marked Exhibit 'D' and made a part hereof; thereafter towit, on 17th day of February, A. D. 1931, the said Scott McDonald, being unable to and failing to repay said loan to said Max White, in full settlement of said loan, conveyed by general warranty deed, said land to said Max White—and in said last named deed said Scott McDonald executed and delivered to said Max White an instrument in writing in the usual form of a general warranty deed made, executed and delivered by him individually and as survivor in community of the estate of his deceased wife, Ariel McDonald, all of which is fully shown by copy of said deed attached hereto and marked exhibit 'B' and made a part hereof any thing above stated to the contrary it is agreed that said deed marked 'Exhibit B' and said deed intended as a mortgage convey respectively only such title as Scott McDonald individually had in said land and premises and such title, if any, he was authorized and empowered to convey as survivor in community of the Estate of Ariel McDonald, deceased, by virtue of the probate proceedings in the County Court of Tyler County, Texas, attached hereto and marked exhibit 'A'.

"It is further agreed that the common source of title to said land is H. M. Richter and wife, Alvina Richter, who conveyed the same to Scott McDonald and wife, Ariel McDonald, by deed dated November 25th, 1922, filed for record in the Deed Records of Hardin County, Texas, on June 30th, 1924, and recorded in Vol. 96, page 464, a copy of which deed is attached hereto and marked Exhibit 'C' and made a part hereof, and fully describes the land in controversy herein.

"It is further agreed that when and prior to the time of the making of the aforesaid loan and prior to and at the time of the signing of the deeds by Scott McDonald shown by exhibits hereto attached, the said Scott McDonald represented to the said Max White that he, the said Scott McDonald, had, subsequent to the death of his wife, the said Ariel McDonald, deceased, made application to the County Court of Tyler County, Texas, to be appointed as survivor in community of the Estate of said deceased wife, Ariel McDonald, and that he, the said Scott McDonald, had been duly qualified in said proceedings to manage, sell and convey said land as provided by the laws of the State of Texas and that the said Scott McDonald was referring to and meant the proceedings in said County Court of Tyler County, Texas, as fully shown by copies of the proceedings in said No. 460 in Tyler

County, Texas, as shown by said copies and being the court proceedings marked Exhibit 'A' and attached to this Agreement. It is further agreed that the said Max White, defendant, made or had made an investigation of the Court records of Tyler County, Texas, and learned that said Scott McDonald had been appointed such survivor in community as shown by said copies of such proceedings attached hereto and marked Exhibit 'A', had filed inventory, appraisement and list of claims and same had been approved by G. C. Bradfield, County Judge of Tyler County, Texas, as is fully shown by said copies of said proceedings and that said Scott McDonald had been authorized 'to control, manage, and dispose of said community estate (that is the community estate of himself and his deceased wife, Ariel McDonald) if such proceedings and appointment are valid. That the said Max White, at the time of the loan and at the time of the executing and delivery of said deed from Scott McDonald, individually and as Survivor in community of the estate of Ariel McDonald, deceased, as shown by exhibit 'B' knew that aforesaid probate proceedings in the County Court of Tyler County, Texas, as shown by said exhibit 'A' had taken place; he further knew at said time of the executing and delivery of said deed to him, that the said Earnest McDonald and Gertie Lou McDonald Baker were the children of said deceased Ariel McDonald; said Max White, at the time of said loan by him to said Scott McDonald and at the time of the making, executing and delivery of said deeds to him from said Scott McDonald, did not know the residence of said Scott McDonald and said Ariel McDonald at the time of the death of said Ariel McDonald aforesaid; that, at the time of the purchase of aforesaid land from said Scott McDonald by the said Max White, the said Max White did not know that plaintiffs claimed any interest in said land and he believed that aforesaid probate proceedings in the County Court of Tyler County, Texas, were valid.

"Since the purchase of said land as aforesaid, the said Max White has received $200.00 for the lease of said land on or about Jan. 1st, 1936, and has further received the sum of $52.00 on or about the 1st of January, 1937, as rental of said land. He has also paid State and County Taxes due on said land in the sum of $68.69 and $49.80 as school taxes.

"It is further agreed that at the time of the death of the said Ariel McDonald on January 27th, 1923 she had a fixed place of residence and domicile in Hardin County, Texas and that on said date and at all times subsequent thereto Scott McDonald has had a fixed place of residence in Hardin County, Texas; that at the time of the execution and delivery of the deed dated January 16th, 1929 by Scott McDonald and wife, Jimmie, to Max White which was intended as a mortgage as hereinbefore stated, there were no debts owing by the community estate between Scott McDonald and his first wife, Ariel McDonald.

"It is not intended by any of the foregoing to admit the validity of the probate proceedings had in the County Court of Tyler County, Texas, but it is the intention to let such proceedings speak for themselves, the plaintiffs asserting that such proceedings are invalid and void and the defendant asserting that same are valid.

"We also agree to submit this cause as an agreed case under the provisions of the statute, and that it may be determined accordingly."

Scott McDonald's application in probate, referred to as Exhibit "A" in the agreed statement of facts, was as follows:

"Estate of Ariel McDonald, Deceased. } In County Court, Tyler County, Texas, February 25th, 1924

"To the Honorable G. C. Bradfield, Judge of Said Court:

"Now comes your petitioner, Scott McDonald, who resides in Hardin County, Texas, the husband of Ariel McDonald, deceased, and respectfully shows to the court that his wife, Ariel McDonald, died on the 27th day of January, A. D. 1923, in Hardin County, Texas.

"2. That the said Ariel McDonald left surviving her the following children, to-wit, Ernest West McDonald, a boy 12 years of age, and Gertie Lou McDonald, a girl 15 years of age, both of whom reside in Hardin County, Texas.

"3. That there is a community estate between the said Ariel McDonald, deceased, wife of myself, and that said estate is situated in Tyler County, Texas,

"4. That said deceased died intestate and was, at the time of her death, a resident of the County of Hardin and State of Texas.

"Wherefore, your petitioner asks the court to appoint three appraisers to ap-

praise said estate as in other administra-'tions.

"Scott McDonald, Applicant."

On Scott McDonald's application, the county court of Tyler County entered the following judgment:

"Estate of Ariel McDonald, Deceased. ⎱ In County Court, Tyler County, Texas. In Vacation

"On this the ——— day of February, A. D. 1924, came on to be considered the report of the inventory, appraisement and list of claims of the community estate of Ariel McDonald, deceased, and surviving husband, Scott McDonald, made by B. B. Barlow, Kirby Griffith and M. F. Neilus, who have heretofore been appointed by the court to appraise said community estate, and the Court having examined the same, together with bond of said survivor, returned herein, it is ordered by the Court that said report and bond be and it is hereby in all respects approved, and the same together with this order is ordered recorded in the minutes of this court, and the said Scott McDonald, as survivor of said community estate, is hereby authorized to control, manage and dispose of said community estate in accordance with the provisions of the Revised Statutes of this State."

The only issue presented by this appeal relates to the validity of the Tyler County probate proceedings. Art. 3293, Vernon's Ann.Civ.St. reads as follows:

"Wills shall be admitted to probate, and letters testamentary or of administration shall be granted:

"1. In the county where the deceased resided, if he had a domicile or fixed place of residence in the State.

"2. If the deceased had no domicile or fixed place of residence in the State, but died in the State, then either in the county where his principal property was at the time of his death, or in the county where he died.

"3. If he had no domicile or fixed place of residence in the State, and died without the limits of the State, then in any county in this State where his nearest of kin may reside.

"4. But if he has no kindred in this State, then in the county where his' principal estate was situated at the time of his death."

Prior to the 1925 codification, this Article contained the following additional provision:

"And the probate of wills and grant of letters of administration in any other than the proper county shall be void." Gammel's Laws of Texas, vol. 8, page 930, c. 84, § 1.

The venue of "community administration proceedings" is regulated by Art. 3293. It is our conclusion that the probate proceedings in Tyler ·County in Re the Estate of Mrs. Media McDonald are void.

The venue of probate proceedings as fixed by Art. 3293, prior to the 1925 codification, was jurisdictional. In Angier v. Jones, 28 Tex.Civ.'App. 402, 67 S.W. 449, it was held that Art. 3293—then Art. 1843, fixes the jurisdiction in which letters of administration may be granted in the order named in the Article.

■■ Probate proceedings are not within the common law jurisdiction of our courts, but of their statutory jurisdiction. In 43 Tex.Jur. 710, it was said:

"In special proceedings that are not within the common law jurisdiction the statutory designation of venue is mandatory and jurisdictional."

Mingus v. Wadley, 115 Tex. 551, 285 S.W. 1084, supports that proposition. Art. 3293, prior to the 1925 codification expressed the legislative intent that the provisions of this article regulating venue in probate proceedings was jurisdictional—quoting again: "And the probate of wills and grant of letters of administration in any other than the proper county shall be void." The courts should ascertain the legislative intent and give it effect. Braun v. State, 40 Tex. Cr.R. 236, 49 S.W. 620; Camden Fire Ins. Ass'n v. Clayton & Co., 117 Tex. 414, 6 S.W. 2d 1029.

■■ But appellant asserts that the application of Scott McDonald invoked the jurisdiction of the county court of Tyler County and, therefore, its jurisdiction on the issue of venue, and on all other facts, cannot be attacked collaterally; he concedes that on a direct attack, the judgment was voidable. He correctly contends that county courts, sitting in matters of probate, are courts of general jurisdiction, and that matters adjudicated in the exercise of their general jurisdiction are not subject to collateral attack, Burton v. McQuire, Tex.Civ.App., 3 S.W.2d 576; but, on this point, the rule is thus stated by 25 Tex.Jur. 297:

"* * * if the petition be in fact so defective as to be an absolute nullity, or if it be so badly drawn as to disclose on its face that the court could have no possible jurisdiction of the controversy, the court's powers are not legally called into action, and any judgment rendered will be wholly void for lack of jurisdiction."

In Ritch v. Jarvis, Tex.Civ.App., 64 S.W. 2d 831, 833, it was said:

"* * * if the pleadings do not invoke the jurisdiction of the court upon the subject-matter determined by the judgment it is void."

In Stewart v. Anderson, 70 Tex. 588, 8 S. W. 295, Judge Stayton, speaking for the Supreme Court, it was said (page 299):

"If, however, from the record, it appears that a fact necessary to confer on the court power to hear and determine a given cause did not exist, it is universally held that its judgment is void." See, also, Higgins v. Bordages, 88 Tex. 458, 31 S.W. 52, 803, 53 Am.St.Rep. 770; 15 C.J. 734.

Applying the general principles of law as stated above to the facts of this case: Scott McDonald's application affirmatively alleged that his wife died in Hardin County; that there were no community debts; that the community estate was situated in Tyler County. So on the affirmative allegations of the petition it was shown that only the probate court of Hardin County had jurisdiction to administer the estate of Mrs. Mc-Donald.

But it is insisted that Art. 3293 fixes the venue—the jurisdiction—on four different conditions, and that the petition alleged venue under Sec. 2 of Art. 3293. This contention is denied. Venue in Tyler County could be maintained only on condition that Mrs. McDonald had no domicile or place of residence in Hardin County; the petition alleged that her domicile was in Hardin County, and that she died in Hardin County. On this point, construing Art. 3293, our Supreme Court said in Green v. Rugely, 23 Tex. 539, 550:

"It may well be said, that it was not intended by this section of the statute, either to confer and limit the powers of the court, but merely to regulate the matter of preference to be given to a particular county, in order to prevent more than one administration in the state, and to give that county the preference, in which ·facts and circumstances existed, which render it probable

that there the interest. of the estate would be best attended to. * * *

" 'If the deceased had no domicile, or fixed place of residence in the state, but died in the state, then, either in the county where his principal property was at the time of his death, or in the county where he died. If he had no domicile, or fixed place of residence in the state, and died without the limits of the state, then in any county in this state, where his nearest kin may reside; but if he had no kindred in the state, then in the county where his principal estate may be situated.' It will be seen that in cases where 'the principal property' is made the test, as to the county, the expression is capable of a much broader construction, when the deceased had no domicile in the state, and died out of it, .than when he had no domicile in the state, and died in the state."

Again, in George v. Watson, 19 Tex. 354, our Supreme Court said: "It was upon the condition that the deceased had such fixed domicil or residence in the Republic, that the right to grant administration of his estate was vested exclusively in the Court of the county of his residence, by the Statute; and that must be shown, to exclude the right of another Court to grant administration."

In support of his contention appellant cites Stewart v. Poinboeuf, 111 Tex. 299, 233 S.W. 1095; Burdett v. Silsbee's Adm'r, 15 Tex. 604, 615; Murchison v. White, 54 Tex. 78, 83; Balfour v. Collins, 119 Tex. 122, 25 S.W.2d 804. These cases merely support appellant's proposition that the judgment of a probate court cannot be attacked collaterally; that where the application is filed in county court, sufficient by its allegations to invoke the jurisdiction of the court, a judgment on such application cannot be attacked collaterally. In the Stewart Case the court said (page 1096):

"The county court of Montgomery county had the general jurisdiction of a probate court, with power to grant letters of administration or to probate a will and grant letters testamentary. The court's jurisdiction over the estate of the decedent, Mrs. Laura Stewart Hardy, was invoked by the application of E. B. Stewart for letters of administration. It was necessary for the court in the proper exercise of its jurisdiction to determine whether the decedent resided in Montgomery county, and whether she died intestate."

Here, the application alleged that Mrs. McDonald died in Hardin County, thus denying the fact left open to adjudication

in the Stewart Case. In the White Case it was said:

"The act of 1848 (Pasch.Dig., art. 1260), under which the administration was sought in the county court of Anderson county, provides that 'wills shall be admitted to probate, and letters testamentary and of administration shall be granted in the county where the deceased resided, if he had a domicile or fixed place of residence in the state. If the deceased had no domicile or fixed place of residence in the state, but died in the state, then either in the county where his principal property was at the time of his death, or in the county where he died.' It does not affirmatively appear from the record in this case but that some of the contingencies had happened which would have given jurisdiction to the probate court of Anderson county, and the petition was sufficient to admit evidence on this question. A more liberal rule applies to petitions in administration than that suggested in United States v. De la Maza Arredonda, 6 Pet. 691, 709 [8 L.Ed. 547], that if good on demurrer it would be an undoubted case of jurisdiction. If the averments are sufficient for the introduction of evidence upon the question of death of the party upon whose estate administration is sought, and of the vacancy of administration thereupon, the judgment of the court, if it had jurisdiction over the subject matter, that this jurisdiction had attached in the particular case, is final and conclusive upon a collateral attack."

Here every fact upon which jurisdiction was maintained in that case was denied by the affirmative allegations of McDonald's application.

The conveyance by Scott McDonald to appellant cannot be sustained as a simple conveyance by the survivor of the community, it was agreed that the community estate owed no debts. In Burnham v. Hardy Oil Co., 108 Tex. 555, 195 S.W. 1139, our Supreme Court said (page 1143):

"After her death, the husband may legally convey her interest only for the purpose of paying community debts. He is wholly without power, after her death, to convey it for any other purpose. This is so because of his want of ownership of her interest and the refusal of the law to recognize any authority in one person to dispose of another's property unless duly empowered."

Appellant cannot have protection as an innocent purchaser, he bought with actual knowledge of the controlling facts. In 43 Tex.Jur., 614, it is said:

"A bona fide purchase consists in the acquisition of the apparent legal title to property in good faith, for a valuable consideration and without notice of any claim or interest of a third person under the common source of title."

The judgment is in all things affirmed.