[Civil No. 4482.  Filed December 7, 1942.]

[131 Pac. (2d) 818.]

ELENA CASTILLO VARGAS, Appellant, v. DODD L. GREER and AMERICAN SURETY COMPANY, a corporation, Appellees.

Mr. Urban R. Miller, and Messrs. Moore & Romley, for Appellant.

Messrs. Wilson, Compton & Wilson, for Appellee Surety Company; Mr. Dodd L. Greer, Appellee, in *propria persona.*

ROSS, J.—This action was filed in the Superior Court of Apache County on April 10, 1941, and has for its object the annulling and vacating of certain orders, judgments and proceedings theretofore had and taken in the Superior Court of Navajo County in the matter of the estate of Lucy Elia Castillo, deceased, on the grounds (1) that they were made and had by such court without jurisdiction, and (2) that they were procured through the fraud of the administrator of said estate practiced on the Superior Court of Navajo County; and to recover from the administrator, Dodd L. Greer, and his surety, American Surety Company, by reason thereof the sum of $30,000 alleged to have been lost to the estate through its maladministration and through fraud.

The sufficiency of the complaint to state a claim upon which relief may be granted was challenged by the defendants for the following reasons:

"First: That the Superior Court of Navajo County did have jurisdiction over the parties and the subject matter, and power to enter the orders sought to be impeached.

"Second: The action in its present form is not maintainable against the defendants because it constitutes

a collateral attack upon judgments of the Probate Court of Navajo County which have become final.

"Third: That the allegations contained in the complaint are almost without exception refuted by the official records now before the Court.

"Fourth: That jurisdiction to determine the accounts of administrators is exclusive in the probate court and is final and conclusive as to all persons including minors, after final distribution.

"Fifth: Failure to comply with the Rules of Civil Procedure of 1939 requiring that the complaint shall be concise and direct in stating the cause of action."

The question as to whether the complaint states a claim against defendants was heard by the Honorable C. C. Faires, Judge of the Superior Court of Gila County, sitting for the Honorable Levi S. Udall, Judge of the Superior Court of Apache County, and by him dismissed for failure (1) to state a cause of action, (2) to state a claim upon which relief can be granted in this proceeding, and (3) to comply with the rule requiring that the complaint be concise and direct in stating the cause of action.

From this order the plaintiff has appealed upon the two grounds heretofore indicated. We will consider these in the order stated.

It appears from the complaint and the record in the matter of the estate of Lucy Elia Castillo, deceased, that the administration upon the estate was commenced in the Superior Court of Apache County, where she died intestate, on March 22, 1919, leaving surviving her Eduardo, her husband, and the plaintiff, Elena Castillo Vargas, daughter, who was born on August 18, 1918. At the time of her death and for a long time theretofore she had resided in Apache County and her property, the subject matter of this litigation, was and had been located therein. Letters of administration were issued to the defendant Greer by the Superior Court of Apache County on March 6, 1924. In fact all proceedings in the matter, by Greer

and his predecessors, were carried on in said county until July 10, 1931, when an order was made and entered. by the court transferring the proceeding to the Superior Court of Navajo County "for the hearing and trial on objections to the Final Account and Report" of the administrator. Such order was made by the Honorable P. A. Sawyer, Judge of the Superior Court of Navajo County, presiding as the Judge of the Superior Court of Apache County. It appears that the regular judge of Apache County (Honorable Levi S. Udall) must have considered himself disqualified to act in the matter for the reason that, before he was elected judge of said county and while in the private practice, he represented some interest or claimed right in said estate and therefore called Judge Sawyer to act in his place. This was authorized by section 3888, Revised Code of 1928, found under the chapter heading "Probate Procedure." It is, however, contended by plaintiff that the Judge of the Superior Court of Apache County, whether he was the regular one or one called in, had no power or right to transfer said probate matter to Navajo County for any purpose and hence any order of the Navajo County Superior Court in the matter of the administration of the estate was made without jurisdiction and was void.

The question is, did the transfer of the proceedings from the Superior Court of Apache County to the Superior Court of Navajo County confer on the latter jurisdiction to hear and try objections to the final account and report of the administrator. More broadly stated, is it essential under the law that all proceedings in said estate be had or carried on in Apache County, where deceased resided at the time of her death and where her estate was located and being administered.

It is the contention of plaintiff that the answers to such questions should be in the affirmative,

whereas defendants insist that, after the transfer, Navajo County had plenary jurisdiction of the subject matter and could lawfully adjudicate any question or dispute arising in the cause. This divergent view of the law and its solution is the court's problem. It is agreed, we believe, that as the law stood in 1901 and in 1913 a proceeding in probate might be transferred to an adjoining county when for any cause the local judge was disqualified to act. Pars. 1701, 1702, 1703, Rev. Stat. Ariz. 1901 (Civ. Code); pars. 841, 842, 843, Rev. Stat. Ariz. 1913. There was, however, added to paragraph 1702 when carried forward into the 1913 statutes (as paragraph 842) the following:

" . . . provided, there shall not be any necessity for transferring such proceedings, or any of them, when a judge of some other county qualified to act attends at the request of the judge of the county where such proceedings are pending, to hold court, to conduct and to try such proceedings; and such judge, when so called upon to preside, shall exercise jurisdiction over any proceeding in the estate as is exercised in other cases under like circumstances.''

■ The meaning of this provision seems quite obvious. It permits a qualified superior court judge from some other county, when the local judge is disqualified, to conduct and try pending probate proceedings with the same legal effect as the local judge might have done if not disqualified, and thereby obviates the necessity of a change of venue to another county. It was a step towards confining the probate proceedings to the county where letters of administration were issued giving the administrator power and authority over the assets of the estate.

The statutes concerning estates of deceased persons were again revised and codified by the legislature in 1928 and are contained in Chapter 88, Revised Code of 1928. The venue of estates of deceased

persons as theretofore fixed was retained in this revision. Section 3887. The primary jurisdiction of the estate of a deceased person thereunder, as before, is in the county of his residence at the time of his death; and, as contended by plaintiff, by reason of changes in the statutes is now not only primary but exclusive. In that behalf, plaintiff cites section 3888 of said revision reading:

"§ 3888. *Change of judge; disqualification.* When a petition is filed for the admission to probate of a will, or for granting letters testamentary or of administration, or when proceedings are pending in an estate, and there is no judge of the court qualified to act, a judge of some other county qualified to act shall be called and hold court, as in civil actions. A judge who is interested as next of kin to the decedent, or is a legatee or devisee under the will, or is named as executor or trustee in the will, or is a witness thereto, or is in any other manner interested shall be disqualified to act. A change of judge shall be granted as in civil actions as to any matter and upon the motion of a party interested in the proceedings."

█ This section does not provide for a change of venue, but only for a change of judge and the conditions permitting such change. It is a complete and radical change from ·previous legislation which permitted a change of venue in a probate proceeding. Read said section as one will, he must conclude that the lawmaking body by its language intended to provide for change of judge in certain circumstances but not for change of venue in a probate matter.

█ However, defendants call our attention to section 4171, a part of Chapter 88, as authorizing the change of place of trial from Apache County to Navajo County. It reads:

"§ 4171. *Procedure in civil cases to govern.* Except as otherwise provided in this chapter, the provisions of law relating to procedure in civil actions

and appeals are applicable to, and constitute the rules of practice in the proceedings hereunder.''

Under this section, the rules of procedure of civil actions by its terms do not apply in all probate matters. Such rules apply ''except as otherwise provided in this chapter,'' that is, Chapter 88. As we have heretofore shown, the procedure in probate matters, when the local judge is disqualified, is to call in a judge from another county to sit in his place and not to change the venue as may be done in civil actions. The change of venue from the Superior Court of Apache County to the Superior Court of Navajo County was made in pursuance of a written stipulation by and between the attorney for defendant Greer and the guardian *ad litem* of plaintiff, Elena Castillo. The defendants contend that the court's order making the change was authorized under section 3717, Revised Code of 1928, reading:

''§ 3717. *Change of venue, by consent*. The court may, upon the written consent of the parties thereto or their attorneys, filed in the action, by an order entered on the minutes, transfer the same for trial to the superior court of any other county.''

The sections preceding and following 3717 clearly show that the text has reference to civil actions only. It is found in Chapter 87 of the 1928 revision and provides the procedure in civil actions, as Chapter 88 does in probate matters. It is said in *Texas Co.* v. *Bank of America, etc., Ass'n.,* 5 Cal. (2d) 35, 53 Pac. (2d) 127, reading page 130:

'' 'Probate proceedings being purely statutory, and therefore special in their nature, the superior court, although a court of general jurisdiction, is circumscribed in this class of proceedings by the provisions of the statute conferring such jurisdiction, and may not competently proceed in a manner essentially different from that provided. *Smith* v. *Westerfield,* 88 Cal. 374, 379, 26 Pac. 206.' . . . ''

118

Again at page 131 of 53 P. 2d. (quoting from *State ex rel. Shields* v. *Second Judicial District Court,* 24 Mont. 1, 60 Pac. 489, 493):

" ' . . . . Its power when sitting in probate matters is derived from the statute, and it cannot go beyond the provisions of the statute. . . . ' "

██ There is no provision of our statutes that authorizes a change of venue in a probate matter. We are therefore compelled to hold that the Superior Court of Navajo County was without jurisdiction over the subject matter of the estate of Lucy Elia Castillo and that its orders therein approving the administrator's final account and report were null and void. That the court must have jurisdiction of the subject matter seems to be the settled law, and, if it has not jurisdiction, its judgment may be collaterally attacked: *Brecht* v. *Hammons,* 35 Ariz. 383, 278 Pac. 381; *Maricopa County* v. *Bloomer,* 52 Ariz. 28, 78 Pac. (2d) 993; *Beaudrot* v. *Murphy,* 53 S. C. 118, 30 S. E. 825; *First National Co.* v. *Strak,* 148 S. C. 410, 146 S. E. 240; *Silcox & Co.* v. *Jones,* 80 S. C. 484, 61 S. E. 948.

The case stands, then, as though the final account and report of the administrator had never been settled or approved. The plaintiff is entitled to have an accounting from the administrator in a court possessing jurisdiction over the subject matter and its administration, and that court, under the facts, is the Superior Court of Apache County.

It was error for the court to hold the complaint does not state a claim against defendants, and such order is hereby vacated and set aside and the cause remanded for further proceedings.

We do not enter upon a discussion of the features of the complaint alleging fraud upon the Superior Court of Navajo County in procuring its approval of the administrator's final account and report and

his discharge, for the reason that it is not necessary and may never be.

LOCKWOOD, C. J., and McALISTER, J., concur.