421 P.2d 874

**Claire E. LEIBY, Petitioner,**

**v.**

**The SUPERIOR COURT OF MARICOPA COUNTY, Ariz., the Honorable Robert L. Meyers, Judge of said Court, the Honorable Frank X. Gordon, Jr., Judge Superior Court of Mohave County, C. D. Tatum, Clerk of Superior Court of Mohave County, Respondents.**

No. 8834.

Supreme Court of Arizona.

In Banc.

Dec. 28, 1966.

Rehearing Denied Jan. 31, 1967.

Beverly J. McConnell, Wilson & Mc-Connell, Phoenix, for petitioner.

Robert L. Meyers, Judge, Superior Court, Maricopa County, in pro. per.

McFARLAND, Justice.

Claire E. Leiby, hereafter referred to as petitioner, filed her petition in this court requesting a writ of mandamus against the superior courts of Mohave County and Maricopa County, and a writ of prohibition against the superior court of Mohave County. An alternative writ of prohibition was granted by this court September 20, 1966.

Petitioner had filed a petition for ancillary probate and for appointment as administratrix of the will of George H. Keefe, No. P 66097, with the Maricopa County superior court on April 13, 1966. This petition affirmatively alleged that the only property known to petitioner, and belonging to the deceased in the State of Arizona, was a parcel of real estate located in Mohave County, Arizona.

On June 6, 1966, respondent judge of the Maricopa County superior court caused the following order to be entered:

"It is ordered that this probate action is transferred to Mohave County for all further proceedings and that the Clerk of this Court is authorized and directed to transmit the file and papers herein to the Clerk of the Superior Court of Mohave County, Arizona."

Petitioner contends the superior court has jurisdiction over this cause, and that any transfer on the ground of improper venue would be an abuse of the court's discretion. With this contention we can-not agree. The applicable statutory provisions are as follows:

"§ 14-301. Venue and jurisdiction for probate

"A. Wills shall be proved and letters testamentary or of administration granted:

\* \* \* \* \* \*

"3. In the county in which any part of the estate is found, the decedent having died without the state and not being a resident of the state at the time of his death.

"4. In the county in which any part of the estate is found, the decedent not being a resident of the state and not leaving estate in the county in which he died.

"5. In all other cases in the county where application for letters is first made.

"B. When the estate is found in more than one county, the decedent having died without the state and not being a resident of the state at the time of his death, or being a nonresident and dying within the state and not leaving estate in the county where he died, the court of the county in which application is first made shall have exclusive jurisdiction.

\* \* \* \* \* \*

"§ 14-341. Ancillary probate; venue and jurisdiction

"A will duly proved and allowed in another state or foreign country may be admitted to probate in the superior court of any county in which the testator left an estate."

The foregoing statutes are unambiguous in that they evidence a clear legislative intent that an ancillary probate must be had in a county wherein the testator left an estate. The question which is presented before this court in the instant case is whether the statutes are jurisdictional or relate only to venue. Similar probate statutes in other states have been held to relate to jurisdiction rather than venue. In re Brady's Estate, 177 Cal. 537, 171 P. 303; State ex rel. Neal v. Kaufmann, 86

Wash. 172, 149 P. 656; In re Davis' Estate, 171 Okl. 575, 43 P.2d 115; Presbury v. County Court of Kay County, 88 Okl. 273, 213 P. 311; Miller v. Weston, 67 Colo. 534, 189 P. 610; White v. Baker, Tex. Civ.App., 118 S.W.2d 319. When the jurisdiction is further categorized as jurisdiction over the subject matter, as opposed to jurisdiction to render the order given, the courts have spoken in terms of jurisdiction over the subject matter. Miller v. Weston, supra, White v. Baker, supra.

■ Petitioner cites the constitution of Arizona, Article 6, Section 13, in support of her contention that the probate statutes are not jurisdictional. This section provides:

"The superior courts provided for in this article shall constitute a single court, composed of all the duly elected or appointed judges in each of the counties of the state. * * *" A.R.S.Const., Art. 6, § 13.

In speaking of this constitutional provision in the case of Ward v. Stevens, 86 Ariz. 222, 344 P.2d 491, we said:

"It is noteworthy that the only situation in which a change in the jurisdiction of judges of the superior court was to be effected by said amendment was when a judge from one county was sitting as a 'visiting judge' in another county 'at the request of the judge of the superior court thereof'. * * *

*  *  *  *  *  *

"We hold that the boundaries of constitutional jurisdiction of the superior courts—insofar as the operation of the Rules of Civil Procedure are concerned—remain unchanged by the adoption of the amendment * * * to Article VI. * * *" 86 Ariz. at 230, 231, 344 P.2d at 496

In like manner we hold that Article 6, § 13, of the Arizona constitution does not expand the jurisdiction of the superior court, insofar as the county in which ancillary probate may be had is concerned.

■■ A dominant purpose of ancillary probate is to collect and conserve assets for the benefit of local creditors. Smith v. Nomart, 51 Ariz. 134, 75 P.2d 38, 114 A.L.R. 1456; In re Glassford, 114 Cal. App.2d 181, 249 P.2d 908, 34 A.L.R.2d 1259; Murphy v. Crouse, 135 Cal. 14, 66 P. 971; Curtis v. Schell, 129 Cal. 208, 61 P. 951. For this reason, our legislature has restricted such probates to counties wherein assets are located, and the ancillary probate must be filed in one of those counties. The creditors then have greater opportunity to receive notice of the proceedings.

■ Probate procedure differs from civil actions in general in that it is originally a creature of statute, and not of either equity or the common law, and is therefore much more strictly regulated by statute. Shattuck v. Shattuck, 67 Ariz. 122, 192 P.2d 229; Sanders v. Sanders, 52 Ariz. 156, 79 P.2d 523; State ex rel. Young v. Superior Court, 14 Ariz. 126, 125 P. 707. As was stated in Vargas v. Greer, 60 Ariz. 110, 131 P.2d 818:

" 'Probate proceedings being purely statutory, and therefore special in their nature, the superior court, although a court of general jurisdiction, is circumscribed in this class of proceedings by the provisions of the statute conferring such jurisdiction, and may not competently proceed in a manner essentially different from that provided. * * *' " 60 Ariz. at 117, 131 P.2d at 821 (Quoting from Texas Co. v. Bank of America, etc. Assn., 5 Cal.2d 35, 53 P.2d 127.)

■ In the case above quoted, it was held that the transfer of a probate proceeding from Apache County—wherein the intestate died, and the assets were located —to Navajo County was invalid, and the order of the superior court of Navajo County was subject to collateral attack for lack of jurisdiction. In the light of the holding in the Vargas case, supra, and the legislative intent manifest in the statutes, we hold that the superior court of Maricopa County lacked jurisdiction over

**520**

the subject matter of the cause and had no authority to transfer the case to Mohave County. The petition should be dismissed in the superior court of Maricopa County.

Under the facts of the instant case, Mohave County only has jurisdiction if the case is filed directly in the superior court of that county, and does not have jurisdiction as a result of the transfer. Therefore, the writ of prohibition in the alternative is made permanent.

STRUCKMEYER, C. J., BERNSTEIN, V. C. J., and UDALL and LOCKWOOD, JJ., concur.