619 P.2d 1043

CITY OF SHOW LOW, a municipal corporation, Plaintiff–Appellar

v.

Moylen B. OWENS and Joy H. Owens, husband and wife; Arizona Corporation Commission and the Commissioners thereof, Defendants–Appellees.

No. 1 CA–CIV 4996.

Court of Appeals of Arizona, Division 1, Department A.

Sept. 23, 1980.

Rehearing Denied Oct. 22, 1980.

Review Denied Nov. 13, 1980.

Platt & Hall, P. C. by Mitchel D. Platt, St. Johns, for plaintiff–appellant.

Robert K. Corbin, Atty. Gen. by Charles S. Pierson, Asst. Atty. Gen., Phoenix, for defendant–appellee, Arizona Corp. Commission and the Com'rs thereof.

Colarich & Natoli by Paul W. Colarich, Jr., Pinetop, for defendants–appellees, Moylen B. Owens and Joy H. Owens.

OPINION

FROEB, Presiding Judge.

This appeal presents a question of statutory interpretation involving superior court review of an order of the Arizona Corporation Commission. At issue is whether the limitation of review set forth in A.R.S. § 40–254 is one of venue or jurisdiction. The trial court held it was jurisdictional.

On March 13, 1978, defendants–appellees Moylen and Joy Owens (referred to hereaf-

ter as the Owens) filed a petition with the Arizona Corporation Commission (referred to as the Commission) seeking a certificate of public convenience and necessity to operate a domestic water system within the city limits of Show Low, Arizona. Show Low opposed this petition. The Commission held a hearing on the petition in Phoenix, Arizona, on May 25, 1978, at which Show Low appeared in opposition. On August 2, 1978, the Commission granted the certificate. Thereafter, Show Low requested and was granted a rehearing on the matter which was held at Show Low, Arizona, on September 18, 1978. This second hearing resulted in an order, dated December 13, 1978, which adopted the earlier order granting the certificate.

On January 5, 1979, Show Low filed suit in Navajo County Superior Court seeking to set aside the order granting the certificate. Named as defendants were the Commission, its Commissioners, and the Owens. There followed a motion to dismiss by the Commission, which was granted by the trial court on June 18, 1979, on grounds that the court lacked jurisdiction over the subject matter. Show Low argues that the Navajo County Superior Court possessed jurisdiction of the subject matter and its order dismissing the suit on these grounds was error.

The statute in issue is A.R.S. § 40-254, which states:

A. Any party in interest, or the attorney general on behalf of the state, being dissatisfied with any order or decision of the commission, may within thirty days after a rehearing is denied or granted, and not afterwards, *commence an action in the superior court of the county in which the commission has its office,* against the commission as defendant, to vacate and set aside such *order or decision* on the ground that the valuation, rate, joint rate, toll, fare, charge or finding, rule or regulation, classification or schedule, practice, demand, requirement, act or service provided in the order or decision is unlawful, or that any regulation, practice, act or service provided in

the order is unreasonable. The answer of the commission shall be served and filed within twenty days after service of the complaint, whereupon the action shall be at issue and ready for trial upon ten days notice to either party. The action shall be tried and determined as other civil actions except as provided in this section.

B. If the commission rescinds the order complained of, the action shall be dismissed, and if the commission alters, modifies or amends the order, the altered, modified or amended order shall replace the original order complained of, and judgment shall be given thereon as though made by the commission in the first instance.

C. The trial shall conform, as nearly as possible, and except as otherwise prescribed by this section, to other trials in civil actions. Judgment shall be given affirming, modifying or setting aside the original or amended order.

D. Either party to the action, or the attorney general on behalf of the state, within thirty days after the judgment of the superior court is given, may appeal to the supreme court.

E. In all trials, actions and proceedings the burden of proof shall be upon the party adverse to the commission or seeking to vacate or set aside any determination or order of the commission to show by clear and satisfactory evidence that it is unreasonable or unlawful.

F. *Except as provided by this section no court of this state shall have jurisdiction to enjoin, restrain, suspend, delay or review any order or decision of the commission, or to enjoin, restrain or interfere with the commission in the performance of its official duties,* and the rules, regulations, orders or decrees fixed by the commission shall remain in force pending the decision of the courts, but a writ of mandamus shall lie from the supreme court to the commission in cases authorized by law. (Emphasis added.)

In support of the decision of the trial court, appellees argue that the right to appeal exists only by virtue of a constitutional or

statutory grant. *Arizona Podiatry Association v. Director of Insurance*, 101 Ariz. 544, 422 P.2d 108 (1966). They point to the language of A.R.S. § 40–254(A) which states a party may "commence an action in the superior court of the county in which the commission has its office ..." and to the language of § 40–254(F) which states: "Except as provided by this section no court of this state shall have jurisdiction to enjoin, restrain, suspend, delay or review any order or decision of the commission ...." They contend that the plain language of the statute must be interpreted as a reference to jurisdiction, not merely venue. To support this interpretation they refer us in particular to *Leiby v. Superior Court of Maricopa County*, 101 Ariz. 517, 421 P.2d 874 (1966), *Knape v. Brown*, 86 Ariz. 158, 342 P.2d 195 (1959), and *Vargas v. Greer*, 60 Ariz. 110, 131 P.2d 818 (1942). They also cite several cases from other jurisdictions.

Appellant, the City of Show Low, argues around the language of A.R.S. § 40 254 by pointing out that it fails to clearly efer to jurisdiction and that the reference to the "office" of the Commission is indefinite and does not purport to limit jurisdiction to a particular county. Appellant urges us to read A.R.S. § 40–254 with other review statutes providing for venue only and to harmonize it with them. We are referred to a provision of art. 6, § 13 of the Arizona Constitution which states that the Superior Court of Arizona shall constitute a single court, a concept which lends weight, it is argued, to the notion that the statute deals merely with venue. Finally, appellant states that legislative history supports its position.

 There are convincing aspects to the arguments of both sides, supported by language from decided cases. We consult first, however, the language of the statute itself in order to determine legislative intent. *Castregon v. Huerta*, 119 Ariz. 343, 580 P.2d 1197 (1978). Paragraph A directs a party to commence an action in the superior court of a particular county (we deal hereafter with the question of *which* county is referred to by the use of the word "of-

fice"). Standing alone, this might well be construed merely as a venue provision. However, Paragraph F states that no other court of the state shall have *jurisdiction* to conduct the review. Appellant argues that this means no other court other than the Superior Court of Arizona, rather than no other superior court. We reject this because no other court except the Superior Court of Arizona and the Arizona Supreme Court could conceivably have entertained jurisdiction when the statute was enacted in 1912. There is not even a suggestion that the justice of the peace courts of Arizona could entertain such a review. The Arizona Court of Appeals was not then in existence so that was not a possibility. The Arizona Supreme Court was not the object of the jurisdictional limitation because its jurisdiction is specifically provided for at the end of the paragraph. It seems quite certain, therefore, that the legislative intent behind paragraph F is to limit the hearing of the review to the superior court of one county. Appellant also argues that paragraph F is not to be read as a limitation upon which court may hear the case, but rather a limitation upon procedures for entertaining the review regardless of the court. Here, again, the use of the word "jurisdiction" defeats the argument because it is not a word which connotes or refers to the procedure of the courts. We conclude, therefore, that the only logical meaning which can be given to the limitation of A.R.S. § 40–254 is that it is one of jurisdiction and not venue.

*Leiby v. Superior Court of Maricopa County* tends to support this interpretation, but it can also be distinguished. The Arizona Supreme Court held that a statute relating to ancillary probate in Arizona made filing of the ancillary probate proceedings in a county where probate assets were located a jurisdictional requirement. The court therefore held that the superior court in a county where there was no probate assets, but in which the ancillary probate proceedings were begun, had no jurisdiction to order a change of venue to the correct county.

*Leiby* supports the interpretation we give to A.R.S. § 40–254 from the standpoint that the statutory language directing that proceedings be held in a superior court of a particular county went to matters of jurisdiction and not venue. Moreover, the statutory language there involved was arguably less concerned with jurisdiction than is the language of A.R.S. § 40–254. In addition, the Supreme Court found that the provision of the Arizona Constitution designating the Superior Court of Arizona as a "single" court did not transform the matter from one of jurisdiction to one of venue.

Beyond this, however, *Leiby* is not very helpful to our conclusion. The focus of the case is clearly directed toward the unique nature of ancillary probate "a dominant purpose of [which] is to collect and conserve assets for the benefit of local creditors." 101 Ariz. at 519, 421 P.2d 874. The court stated that "[p]robate procedure differs from civil actions in general in that it is originally a creature of statute, and not of either equity or the common law, and is therefore much more strictly regulated by statute." 101 Ariz. at 519, 421 P.2d 874. The nature of ancillary probate as a nonadversary *in rem* proceeding and the likelihood that creditors would not receive notice of the proceeding unless they are required to be filed where assets are located, further explains why legislation would make the filing in the correct court a jurisdictional matter.[1]

*Vargas v. Greer*, relied upon by appellees and quoted in *Leiby*, likewise deals with probate statutes and holds that the superior court of a county to which a probate proceeding was transferred lacked jurisdiction over the subject matter. Here, again, we find that although *Vargas* generally supports our conclusion, it is not otherwise helpful in analyzing this case.

There are decisions from other states which are generally in accord with our decision. Construing language similar to A.R.S. § 40–254, the Missouri Supreme Court upheld dismissal of the action where it had been filed in the wrong county, deciding that the court lacked jurisdiction. *Ward v. Public Service Commission*, 341 Mo. 227, 108 S.W.2d 136 (1937). *See also State ex rel. State Highway Commission v. Bates*, 317 Mo. 696, 296 S.W. 418 (1927); *Peplinski v. Michigan Employment Security Commission*, 359 Mich. 665, 103 N.W.2d 454 (1960); *Scott v. Nevada Employment Security Department*, 70 Nev. 555, 278 P.2d 602 (1954).

We next face the question of which county is given jurisdiction to hear the review contemplated by A.R.S. § 40–254. If there were only one "office" of the Corporation Commission, there is no question that the Maricopa County Superior Court would be the court having jurisdiction. The uncontradicted evidence, however, is that there is also an "office" of the Commission in Tucson, Arizona, situated in Pima County. Did the legislature contemplate this when the statute was enacted? Obviously not. At the inception of the statute there was one office and it was in Phoenix because the Arizona Constitution, art. 15, § 1, provided then, as it does now, that the "chief office" be maintained at the state capitol. We do not think the addition of other offices of the Corporation Commission can alter the meaning of A.R.S. § 40–254. For this reason, the word "office" in A.R.S. § 40–254 must be interpreted to mean principal or "chief office." It follows, therefore, that the only superior court having jurisdiction to hear the review is the Maricopa County Superior Court.

Finally, we do not find that appellant's argument that the Owens are indispensable parties, whether correct or incorrect, alters our interpretation of A.R.S. § 40–254. Its position is that because the Owens are indispensable parties, the venue provisions of A.R.S. § 12–401 require that they be sued in Navajo County where they reside. From this they argue that a construction of A.R.S. § 40–254 as a venue statute produces less of a clash with A.R.S. § 12–401 than a

---

1. We note, however, that the Arizona Probate Code effective January 1, 1974, now refers to the county of filing an ancillary probate proceeding as a matter of venue. *See* A.R.S. §§ 14–3201 and 14–1303.

construction which holds it to be jurisdictional and that such should be presumed the legislative intent. We find this not to be persuasive and reject it.

The judgment is affirmed.

DONOFRIO and HAIRE, JJ., concur.