Joseph A. Cox, 8.
In this uncontested probate proceeding a will bearing date December 17, 1952 and a codicil thereto bearing date May 8, 1957 have been offered for probate. The will was executed within this jurisdiction. The codicil, an unwitnessed instrument executed in the German language, was prepared by notary Emil Arndt of Heppemheim, Germany and was executed by testator under his supervision. The proof establishes the due execution of the will. The proof of the codicil is complicated, however, by the circumstance that the original instrument is on file in Germany and under the laws of that country cannot be removed. In lieu of the original codicil proponent has filed a duly authenticated copy which contains competent proof of the genuineness of the original. The copy is accompanied by the authenticating affidavit of Henry Mayer, Esq. who was formerly a member of the Bar of Germany and who has since been admitted to the practice of law in this State. The authentication of the copy of the codicil supplied by the affidavit of Mr. Mayer confers upon it sufficient evidentiary value to make it a self-proving document under sections 44 and 45 of the Decedent Estate Law.
All persons whose interests are or may be affected by the provisions of the codicil are properly before the court. In the exercise of plenary power under section 144 of the Surrogate’s Court Act which imposes upon the Surrogate the duty to “ inquire particularly into all the facts and circumstances ” in order to satisfy himself of the genuineness of the will and the validity of its execution, it is determined that the provisions of section 141 of the Surrogate’s Court Act with respect to the proof necessary to support a decree granting probate to a testamentary writing where the original will is on file in another State or country, is fully satisfied by the production of a duly authenticated copy of the codicil indicating that a judicial officer of competent jurisdiction in Germany has made a determination establishing the original instrument in accordance with the requirements of the laws of the country wherein the original is on file. (Decedent Estate Law, §§ 22-a, 23.) The Surrogate is of the opinion that the provisions of section 141 of the Surrogate’s Court Act to the effect that the “ surrogate may issue a commission to take testimony in the matter ’ ’ does not thereby exclude acceptance of the foreign record as a sufficient basis for the finding that the original instrument was *868 duly executed; that the codicil was in existence at the date of death of testator and that the textual content of the codicil is the text exemplified in the foreign record issued by the judicial authority in Germany.
Accordingly, a decree has been signed admitting the propounded will and codicil to probate as together constituting the last will and testament of the decedent.