Pierson B. Hildreth, S.
This is a proceeding for the probate in New York of decedent’s will which has been admitted to probate in England, and for the issuance of letters of administration, c. t. a., to a New York trust company designated by the executrix named in the will and appointed as such in England.
The executrix is decedent’s widow and is also the residuary legatee and devisee under his will. Decedent’s son, a resident of New York, whose interest in the estate is that of a legatee to the extent of $1,000, asserts a prior right to appointment as administrator, c. t. a., because the executrix-widow is a nonresident alien.
Decedent died in England August 13, 1961, leaving a will executed in England which was admitted to probate there October 11,1961. The court admitting the will to probate found and determined that at the time of death decedent was temporarily residing in England but his actual domicile was in New York State. The original will remains on file in the English court and under laws of England cannot be removed therefrom. Petitioner cannot produce here the original will, but has filed a properly authenticated copy of the will together with competent proofs of its admission to probate in England. The probate here is uncontested.
A similar situation was before the court in Cohrssen (15 Misc 2d 866, 867 [1959]) where Mr. Surrogate Cox stated: “ In the exercise of plenary power under section 144 of the Surrogate’s *1042 Court Act which imposes upon the Surrogate the duty to ‘ inquire particularly into all the facts and circumstances ’ in order to satisfy himself of the genuineness of the will and the validity of its execution, it is determined that the provisions of section 141 of the Surrogate’s Court Act with respect to the proof necessary to support a decree granting probate to a testamentary writing where the original will is on file in another State or country, is fully satisfied by the production of a duly authenticated copy of the codicil indicating that a judicial officer of competent jurisdiction in Germany has made a determination establishing the original instrument in accordance with the requirements of the laws of the country wherein the original is on file. (Decedent Estate Law, §§ 22-a, 23.) The Surrogate is of the opinion that the provisions of section 141 of the Surrogate’s Court Act to the effect that the ‘ surrogate may issue a commission to take the testimony in the matter ’ does not thereby exclude acceptance of the foreign record as a sufficient basis jfor the finding that the original instrument was duly executed; that the codicil was in existence at the date of death of testator and that the textual content of the codicil is the text exemplified in the foreign record issued by the judicial authority in Germany.” This court concurs with the view expressed in that case and accordingly finds no necessity to issue a commission to take testimony, and accepts the foreign record as sufficient to establish the genuineness of the will and the validity of its execution under sections 141 and 144 of the Surrogate’s Court Act. The will is, accordingly, admitted to probate.
The financial interest which a proposed fiduciary who is otherwise qualified has in an estate is an important consideration in selecting the person deemed best to administer an estate most efficiently and economically. The son here has no interest aside from the bequest in the fixed amount of $1,000. The widow is named as executrix of the will and is the beneficiary of the residuary estate. She may request that petitioner, a corporate trust company, be appointed administrator although she herself would be disqualified by reason of being a nonresident alien. (Banking Law, § 100-a, subd. 2, par. [a]; Matter of Weil, 280 App. Div. 100, affd. without opinion 305 N. Y. 635.) Since the trust company she has designated is a person qualified to receive letters and to act as administrator, c. t. ain place of the residuary legatee, the contention of the son that he has a prior right to letters under section 133 of the Surrogate’s Court Act is untenable. Accordingly, letters of administration with the will annexed will issue to petitioner upon its qualifying as prescribed by law.