443 P.2d 911

Eugene ISAAK, Petitioner,

v.

The SUPERIOR COURT of the State of Arizona, IN AND FOR the COUNTY OF SANTA CRUZ; and the Honorable Gordon Farley, a Judge thereof, and Southern Arizona Bank & Trust Company, Respondents;

SOUTHERN ARIZONA BANK & TRUST COMPANY, Real Party in Interest.

No. 9216.

Supreme Court of Arizona.

In Banc.

July 18, 1968.

**446**

Dunseath, Stubbs & Burch, Tucson, for petitioner.

Karam & Martin, Nogales, for respondents.

UDALL, Vice Chief Justice:

In a hearing before us, we granted the petition of Eugene Isaak for a writ of certiorari. Whether a co-executor named in a will, incompetent to serve solely because he is not a bona fide resident of this state, has the right to nominate an administrator with will annexed is the principal issue of the case.

The facts are as follows: Blenda H. Fast died testate on September 8, 1967, leaving an estate valued at about $500,000.-00. Named as co-executors in her will were Jerome W. Sinsheimer, an attorney practicing in New York, his son Warren J. Sinsheimer, named as successor executor, and the Southern Arizona Bank and Trust Company. Jerome Sinsheimer had drafted the will in 1963 for the deceased, a long time client of his. At that time the Bank had been forwarded a copy of the will and it in turn indicated a willingness to act in the capacity of co-executor and also that the will conformed with Arizona law and contained the essentials necessary for a proper probate administration and trusteeship.

Immediately following testatrix's death, Southern Arizona Bank and Trust Company advised Jerome W. Sinsheimer that there was some question regarding his competency to serve as co-executor, and on September 27, 1967, it filed a petition for probate of will and petitioned the court to appoint it sole executor. Thereafter, Jerome W. Sinsheimer, Warren J. Sinsheimer and Eugene Isaak, on October 19, 1967 filed objections to the appointment of the Bank in any capacity other than as co-exec-

utor, and petitioned the court to appoint Eugene Isaak as administrator with will annexed so that he could serve as co-fiduciary with the Bank. The Sinsheimers then filed a nomination and appointment of fiduciary in which they represented that they are not bona fide residents of the state of Arizona and petitioned the court to appoint Eugene Isaak, in whom they reposed trust and confidence, to serve in their place. Eugene Isaak, as said nominee, filed a petition for letters of administration with will annexed on October 27, 1967.

Objections were filed by the Bank to the petitions and on October 30, 1967, pursuant to oral stipulation, the court admitted the will of deceased to probate and appointed Southern Arizona Bank and Trust Company co-executor without prejudice to the consideration by the court at a later date of the petition of Eugene Isaak for letters of administration with will annexed. Thereafter, the petition of Eugene Isaak was denied and the objections of the Bank were sustained. A motion for new trial subsequently filed by Eugene Isaak, as nominee, was denied, whereby a petition for writ of certiorari was granted by this Court.

In prosecuting this writ, petitioner complains that the trial court ignored the real intent of the Last Will and Testament of testatrix. It is argued (1) that the will as a whole gave broad powers to the executor, powers which would only have been given someone in whom testatrix placed confidence, and (2) that the intent of the testatrix, as shown by her will, was to utilize the services of co-fiduciaries in the administration of her estate.

■ We are not at issue over the proposition advanced by petitioner that the will should be construed to give effect to the intent of the testator. See, In re Estate of Daley, 6 Ariz.App. 443, 433 P.2d 296 (1967); In re Estate of Harber, 99 Ariz. 323, 409 P.2d 31 (1965); Newhall v. McGill, 69 Ariz. 259, 212 P.2d 764 (1949). We are not so readily persuaded, however, to petitioner's position with respect to what the intention of the testatrix was.

However true it may be that the testatrix had confidence in Jerome W. Sinsheimer, the same cannot be said of his nominee, Eugene Isaak, without presupposing that Mr. Isaak would consult on a regular basis with Mr. Sinsheimer. Even then, it must be remembered that Eugene Isaak, if appointed a co-fiduciary, would be accountable to the court and not to Jerome W. Sinsheimer.

■ A reading of the testatrix's will will not in any particular disclose that she intended that either of the Sinsheimers nominate or designate an administrator or executor to be named in their place should they desire not to act as such for any reason, or in the event they were incompetent to act. The mere fact that testatrix made provision for Warren J. Sinsheimer, the son of Jerome W. Sinsheimer, to serve as successor executor, but made no further provision if neither could act creates an opposite inference, i. e., that they were not intended to have the power to nominate.

Concluding that the intent of the testatrix, as ascertained from the words of her will, did not require that the lower court issue letters of administration to Eugene Isaak, the more difficult question is whether Jerome W. Sinsheimer, incompetent to serve because he is not a resident of the state of Arizona, has the right to nominate a co-fiduciary to serve in his stead as administrator with will annexed. After making our own independent research of the authorities and statutes involved, we are not convinced the matter is as matter of fact as petitioner would have us believe. The issue is compounded with the inclusion of the additional fact that notwithstanding the Sinsheimer's incompetency to act, there remains an executor, qualified and competent to act.

The argument is advanced by petitioner that we impliedly ruled that an executor has the power to nominate in Welch v. Clampitt, 60 Ariz. 215, 134 P.2d 701 (1943). In that case the primary issue was whether the deceased left a valid will. If the will was sustained, certain legacies would lessen the amount going to the heirs at law. Accordingly, the heirs at law, one of whom was named as executrix in the contested will, claimed that the deceased died intestate. At the same time, the named executrix claimed the right to nominate an administrator with will annexed. On appeal, this Court said that since the named executrix contended that the decedent died intestate, it was not error or an abuse of discretion for the lower court to refuse to appoint the person nominated. This was not an expression on our part that a named executor would otherwise have the right to nominate. Rather it was an acknowledgment that the two positions were inconsistent. The named executrix could not claim that the deceased died intestate (without a will), and at the same time be named as executrix. Furthermore, even though she may have had a statutory preference to serve as administrator had the validity of the will not been sustained, her delay in petitioning for letters acted as a renunciation of the right.

Among the cases cited by petitioner were In re Keller's Will, 32 Misc.2d 1041, 223 N.Y.S.2d 878, 880 (1962), and Dennis v. Dennis, 323 Ill.App. 328, 55 N.E.2d 527 (Ill. 1944). Both of these cases can be distinguished from the case at bar and do not support the legal proposition sought to be advanced by petitioner. Where the Court has respected the nomination of a named Executor, it has done so either by reason of special considerations before it, or by statutory provision. In re Dolenty's Estate, 53 Mont. 33, 161 P. 524 (1916).

■ Turning to our own probate code, petitioner urges that we apply A.R.S. § 14–419 to both intestate and testate estates. The section reads:

"§ 14–419. Appointment of administrator at request of person entitled to be administrator

"A. Administration may be granted to a person not entitled thereto upon written request made and filed in the court by the person entitled to letters or, being

**448**

otherwise entitled, is not competent to serve.

"B. When the person entitled to letters is a non-resident of the state, affidavits or depositions taken ex parte before an officer authorized to take acknowledgements and administer oaths without the state may be received as primary evidence of the identity of the party, if the fact is established to the satisfaction of the court."

We cannot sustain petitioner's argument. An examination of the statutes discloses a complete statutory scheme dealing (1) with the selection and appointment of executors and (2) with the selection and appointment of administrators. With respect to executors, A.R.S. §§ 14–401 et seq. provide for the issuance of letters to the person named in the will contingent upon his being competent, appearing and qualifying. Among other things, the statutes specify those persons not competent to serve as executors, and the procedure when the named executor is either absent from the state or a minor. Similarly, separate sections provide for the selection, order of preference, and appointment of administrators when a personal representative is not named by the will. The fact that separate provision was made both for executors and for administrators and the additional fact that A.R.S. § 14–419 is included with the sections dealing with administrators and refers only to administrators is sufficiently indicative of the legislature's intent that it not apply to executors.

█ That the instant issue is fairly disposed of by statutory enactment is supported additionally by the provision of A.R.S. § 14–403:

"14–403. Procedure when named executor absent from the state or a minor,

"When a person absent from the state, or a minor, is named executor, if there is another executor who accepts the trust and qualifies, he may be granted letters testamentary and administer the estate until the return of the absentee or the minor reaches the age of majority, who may then be appointed as joint executor. If there is no other executor, letters of administration with the will annexed shall be granted, but the court may revoke them on the return of the absent executor or when the minor reaches the age of majority."

We fail to see why the absence of the Sinsheimers from the state in the instant case should not permit the Bank as co-executor from acting as executor to administer the estate of the deceased in accordance with the language of the above statute.

█ Administration of decedent's estate is purely statutory and the procedure outlined in the statutes is controlling. In re Balke's Estate, 68 Ariz. 373, 206 P.2d 732. A.R.S. 14–419 and A.R.S. 14–403 cannot be read in pari materia since 14–419, subsec. A is expressly limited to Letters of Administration, whereas 14–403 refers to named executors absent from the state or to minors.

Section 14–419 was adopted in part from California, see West's Ann.Prob.Code Sec. 423. Sec. 423 was derived from C.C.P.Sec. 1379. The earlier statute was almost identical to Arizona's present section. In the case of In re Brundage's Estate, 141 Cal. 538, 75 P. 175, it was held that a nonresident, though named as executor, had no power to nominate an administrator with Will annexed, and any attempting nomination by him is ineffectual for all purposes.

In a note in 1 Cal.L.Rev. 476 entitled Executors and Administrators: Right of Non-Resident Executor to Nominate, the author of the note sets out some legal conclusions reached in reviewing the California cases:

"The question of the right of the probate court to grant letters of administration to the nominee of a non-resident executor in preference to the public administrator, has been one of no little uncertainty and confusion in view both of the sections of the Code of Civil Procedure and of the decisions of the Supreme

Court involving the point. In a recent decision in bank, following a prior contrary holding in department, six justices concurred in a carefully considered opinion, aimed to settle definitely the law as to the matter in this state. The court concludes that 'The executor named in the will, as such, is not authorized to nominate an administrator, and any attempted nomination by him is ineffectual for any prupose.' * * *"

"To consider the first portion of section 1379 only, then, is a non-resident executor 'the person so entitled?' Very evidently one named in the will as executor is not entitled as such, to letters of administration, except in so far as is any person who is legally competent. An executor is entitled to letters testamentary, but section 1379 speaks of administration only, and by this must be taken to mean letters of administration, not letters testamentary. An executor, then, as such, could not be entitled to letters of administration as against the public administrator, to whom the code requires preference to be given over one who is merely a 'person legally competent'. The fact that the will is a foreign will and the executor a non-resident, can produce no different result. * * * Since the executor is a non-resident, he would not, even in the event that no one opposed him, be entitled to letters of administration (as distinguished from letters testamentary) in view of the provisions of section 1369. The nominee of a non-resident executor, therefore, may not be preferred to the public administrator in granting letters of administration, inasmuch as an executor is not entitled as against the public administrator to letters of administration, and, if a non-resident, is not entitled to letters of administration at all."

Where, as here, the testator named two executors to execute his Will and one of the named executors did not qualify because he was a non-resident of the State, the Court nonetheless should have given careful consideration in the exercise of its discretion as to whether one or two executors (or administrators with Will annexed) be appointed in a given case. We are unable to conclude this was not done in the instant case.

Finally, there has been no showing that prejudice would result to the estate of deceased by denying the petitioner's application for letters testamentary. He himself testified that the administration of the estate would not involve any unusual or complicated problems. There is also evidence that costs of administration will be substantially reduced if the Bank only is to serve.

With respect to petitioner's argument that the Bank was estopped from objecting to the appointment of Eugene Isaak as co-fiduciary, surely testatrix and her counsel drafting the will must be deemed to have been equally informed on the law as was the Bank regarding a non-resident serving as co-executor.

The judgment of the trial court denying petition of Eugene Isaak for letters of administration is affirmed.

McFARLAND, C. J., and STRUCKMEYER, BERNSTEIN and LOCKWOOD, JJ., concur.