William Began, S.
Separate petitions for the probate of the last will and testament of Thomas T. Flasza have been submitted to this court by the above-named petitioners, each requesting that letters testamentary issue to him. The will of the deceased is dated October 4, 1945 and provides for the appointment of both petitioners to act as coexecutors. The court has been informed that one of the witnesses to the will is the attorney who drafted and supervised the execution of the will and is now deceased; that the other witness to the will cannot be located and is believed to be dead. Petitioners have requested that the testimony of the subscribing witnesses be dispensed with and that the will be admitted to probate.
It appears that the will was witnessed by Wilma L. G-oehle of Buffalo, New York and Joseph J. Jordan of Kenmore, New York on October 4,1945; that Joseph J. Jordan was an attorney and that the said will was drawn and executed under his supervision. The will contains an attestation clause and appears to be in its original form without any changes or alterations appearing thereon. Petitioners are prepared to submit proof of the handwriting of the witnesses and of the testator to this court.
SOPA 1405 (subd. 4) provides as follows: “ If all of the attesting witnesses are dead or incompetent or unable to testify by reason of physical or mental condition or are absent from the state and their testimony has been dispensed with as provided in this section the will may nevertheless be admitted to probate upon proof of the handwriting of the testator and of the attesting witnesses and such other facts as would be sufficient to prove the will. ”
This court is satisfied that a prima facie case of due execution is made out when there is an attestation clause by proof of the signatures of the testator and the witnesses (Matter of Sizer, 129 App. Div. 7, affd. 195 N. Y. 528). Further, where it is shown that a will was executed under the supervision of an attorney, a presumption is created that said will is executed in accord *349 anee with the formality prescribed by EPTL 3-2.1. (Matter of Guarcello, 236 N. Y. S. 2d 931.)
It is accordingly the decision of this court that the testimony of the subscribing witnesses be dispensed with and that upon proof of the handwriting of the said witnesses and of the testator that the said last will and testament of Thomas T. Flasza, dated October 4, 1945, be admitted to probate as a will valid to pass the real and personal property of the said deceased and that letters testamentary issue to the petitioners herein as coexecutors.