Frederick D. Dugan, S.
Proponent has filed her deceased husband’s will to be admitted to probate with only one attesting-, witness’s signature.
Decedent died March 14, 1974, leaving him surviving the proponent wife and four children, three of whom are under 21 years of age. These infants appear by the guardian ad litem who has filed objections to the will executed by the decedent on May 21,1965.
The will is typed on a printed will form available from a widely known law-printing firm. The name of the attorney who prepared the text of the will is printed on the form.
The typed text of the will is a model of simplicity directing payment of debts and funeral expenses, bequeathing any and all *263 stock in two closely, held corporations to the wife and dividing the residue into five equal shares, to be distributed to the wife and each of the four children. The wife and a corporate trustee are named executors. ¡
Decedent’s signature appears on the line over his typed name. Below it is a printed attestation clause which has been dated and executed by the signature of the witness James E. Fairbrother residing at Cohocton, New York.
Proponent’s proof before the Surrogate is that James E. Fairbrother and Wendall Matthews, a longtime acquaintance of the couple and a business associate of the decedent, accompanied them on May 21,1965 when they .both went to the lawyer’s office to execute the wills which he had prepared for them.
On that occasion the wife, Mary E. Kiefer, executed her will on an identical printed will form at the lawyer’s office. The attestation clause on her will was executed by the witness James E. Fairbrother residing at .Cohocton, New York and Wendall Matthews residing at Cohocton, New York. Her will was received in evidence at the hearing herein as a contemporaneous document.
As to the decedent’s will, the witness Fairbrother testified that the decedent ‘Charles Kiefer, his wife and Wendall Matthews were present in the lawyer’s office at the time that Fairbrother saw the decedent sign his name and was asked by decedent to subscribe it as a witness which he did in their presence.
Wendall Matthews testified that he too saw Charles Kiefer execute the will in the presence of the lawyer, his secretary, the witness Fairbrother and decedent’s wife. He states that the decedent said it was his will and had asked him to be a witness.
Indeed, the two witnesses and the couple had traveled some eight miles together to the lawyer’s office for the purpose of executing the wills.
On May 21, 1965,. subdivision 4 of section 21 of the Decedent Estate Law provided that there shall be at least two attesting witnesses, each of whom shall sign his name as a witness at the end of the will, at the request of the testator. Comparable provision is now made for at least two attesting witnesses, each of whom shall, at the request of the testator, sign his name, under EPTL 3-2.1 (subd. [C], par. [4]).
It appears in the instant case that both Fairbrother and Matthews were present with the decedent, his wife, the attorney and Ms secretary at the time that both wills were executed and that the formalities contemplated by the statute were satisfied in regard to the wife’s will and to the husband’s will, except for *264 the signature of Wendall Matthews after the attestation clause on the husband’s will.
Here the standard of proof contemplated in SCPA 1404, that at least two of the attesting witnesses must be produced before the court and examined before a written will is admitted to probate (if so many of the witnesses are within the State and competent and able to testify) has been met. It is clear that the testator intended that both the witnesses attest his will, as evidenced by their act upon the contemporaneous execution and attesting of the wife’s will.
Indeed, the testimony herein gives even stronger assurance than that contemplated under SCPA 1405 to dispense with the testimony of witnesses who are absent from the State or who ' have forgotten the occurrence or testify against the execution of the will. (Matter of Flasza, 57 Misc 2d 347.)
The courts have adopted a liberal policy in construing subdivision 4 of section 21 of the Decedent Estate Law in effect at the time this will was executed. (Matter of Mack, 21 A D 2d 205.) In that case the fourth page of a will containing the attestation clause with the full signatures and addresses of both witnesses was missing without explanation and the will was admitted to probate. Here we have a one-page printed will form fully executed by the testator and attested by one of the two witnesses to the event of execution which is supported by a contemporaneous document and the sworn testimony of both witnesses.
Further, where it is shown that a will was executed under the supervision of an attorney, a presumption is created that said will was executed in accordance with the formality prescribed by the statute .(Matter of Guarcello, 236 N. Y. S. 2d 931; Matter of Flasza, supra).
The primary purpose of requiring that a will be attested is to render available proof that there has been a compliance with the statutory requisites of the execution of a will, and that the . instrument offered for probate is the exact paper which the alleged testator signed and not a surreptitious will fraudulently substituted. Under these circumstances, that assurance is satisfied.
It is accordingly the decision of this court that upon the testimony of the subscribing witnesses that the said last will and testament of Charles 'P. Kiefer dated May 21, 1965 be admitted to probate and that letters testamentary issue to Mary E. Kiefer and the ¡Security Trust Company of Rochester, New York as coexecutors.