672 P.2d 986

**Germaine KINNEAR, Phyllis Jean Pagano, and Jacqueline Nelson, Interested Persons, Petitioners-Appellees,**

v.

**Byron P. FINEGAN, Former Personal Representative, Respondent-Appellant.**

**No. 1 CA–CIV 5703.**

Court of Appeals of Arizona, Division 1, Department B.

Nov. 8, 1983.

Burch & Cracchiolo, P.A. by James B. Crook, Jr., Daryl D. Manhart, Phoenix, for petitioners-appellees.

Laird & Schmitt, P.C. by Mitchell C. Laird, Phoenix, for respondent-appellant.

Charles J. Dyer, Phoenix, for successor personal representative Nancy Elliston.

## OPINION

FROEB, Judge.

This appeal is from summary judgment entered by the trial court in which appellant Byron P. Finegan was removed for cause as personal representative of the Estate of Irene M. Jones. Appellees Germaine Kinnear, Phyllis Jean Pagano and Jacqueline Nelson are devisees of the Jones estate and were the successful movants in the trial court.

Irene Jones died testate on August 19, 1977. Her will provided that appellant be appointed personal representative to serve without bond. Appellant was formally appointed personal representative on October 19, 1977. Approximately fourteen months later, appellees filed a petition in the probate court to have appellant removed as personal representative. On June 5, 1980, appellees filed their motion for summary judgment requesting: (1) appellant's removal as personal representative; (2) appointment of the public fiduciary as successor personal representative; and (3) the posting of a security bond by appellant. By minute entry of July 11, 1980, the trial court granted appellees' motion as to all relief requested.

Thereafter, prior to the entry of a formal written judgment, the trial court learned that the public fiduciary could not serve. An informal conference took place on July 18, 1980, resulting in a private fiduciary, Nancy Elliston, being named successor personal representative. Formal judgment was then entered by the court on July 25, 1980, removing appellant and naming Nancy Elliston as his successor. However, the judgment was silent as to the bond requirement contained in the court's earlier minute entry order.

On September 9, 1980, the court substituted a new judgment modifying its July 25, 1980, judgment, including an order requiring appellant to immediately post a $200,000.00 bond. This order purported to be effective *nunc pro tunc* as of July 11, 1980, the date of the court's minute order granting appellees' motion for summary judgment.

Appellant appeals both from the judgment entered July 25, 1980, and from the judgment entered September 9, 1980, raising two arguments: (1) the court erred in appointing Nancy Elliston successor personal representative, and (2) the court erred in requiring appellant to post a bond. Appellant does not appeal his removal as personal representative.

Appellees first contend this court is without jurisdiction to consider this appeal since appellant did not file his notice of appeal until October 7, 1980, which is more than thirty days from entry of the July 25, 1980, judgment. Following the filing of appellant's opening brief, appellees moved to dismiss the appeal on jurisdictional grounds. On June 11, 1981, we denied the motion without prejudice to appellees raising the issue in their answering brief. Appellees have done so and we therefore address this issue before reaching the merits of the appeal.

The question is whether the July 25, 1980, judgment was appealable. If it was, appellant's notice of appeal was not timely and we have no jurisdiction. Appellant contends it was not appealable since it did not dispose of all issues raised by appellees' motion for summary judgment and it did not contain express language directing entry of judgment and finding no just reason for delay. Rule 54(b), Rules of Civil Procedure. Appellees urge that rule 54(b) is not applicable and that the July 25, 1980, judgment was appealable under A.R.S. § 12–2101(J).

We note that the Rules of Civil Procedure are applicable to probate proceedings unless specifically provided to the contrary. A.R.S. § 14–1304. This court has recently upheld the applicability of rule 54(b) to probate proceedings. *Valley National Bank of Arizona, Personal Representative v. Dykstra,* 137 Ariz. 25, 667 P.2d 1351 (App., 1983). Since the July 25, 1980, judgment did not dispose of all issues raised and

did not comply with rule 54(b), it was not appealable. Therefore, the appeal from the September 9, 1980, judgment was timely and we have jurisdiction.

For his first argument on the merits, appellant contends that all interested parties did not receive notice of the July 18, 1980, meeting which resulted in Nancy Elliston being substituted for the public fiduciary. A.R.S. § 14–3414(B), governing the appointment of successor personal representatives, requires notice and an opportunity to object. Appellant claims that he and devisees Edwin Jones III and Patricia F. Finegan did not receive notice of or attend the meeting and therefore Nancy Elliston was not properly appointed.

We find no merit to appellant's argument, for two reasons. First, appellant's counsel had notice of the meeting and appeared on appellant's behalf. Counsel lodged no objection and therefore waived his right to object. Therefore, appellant's arguments which were not presented to the trial court cannot be raised for the first time on appeal. *Cote v. A.J. Bayless Markets, Inc.,* 128 Ariz. 438, 626 P.2d 602 (App. 1981). As to the lack of notice to Edwin Jones III and Patricia Finegan, appellant does not have standing to raise any issue regarding them.

For his second claim, appellant argues the trial court erred in requiring him to post bond following his dismissal where his administration was ordered at an end and he was required to turn over all assets.

We recognize that although appellant was initially appointed to serve without bond, the trial court may nevertheless require a bond where any interested person petitions the court and presents reasonable proof that a loss may be incurred by the estate. *See* A.R.S. § 14–3603(B). Appellees requested a bond following appellant's removal as personal representative because appellant had not accounted for all the assets of the estate. Appellees further rely upon the general proposition that the probate court has inherent equitable power to protect the assets of the estate. A.R.S. § 14–1103.

The administration of a decedent's estate is purely statutory and the procedure outlined in the statutes controls. *Isaak v. Superior Court,* 103 Ariz. 445, 443 P.2d 911 (1968). Strict adherence is to be given the applicable statutes. *Leiby v. Superior Court,* 101 Ariz. 517, 421 P.2d 874 (1966). While it is true, as appellees argue, that the probate court retains jurisdiction over a removed personal representative, A.R.S. § 14–3608, the bond statute does not expressly provide for the posting of a bond by a personal representative following his removal.

A.R.S. § 14–3603(B) specifically states that the bond of a personal representative is to protect against loss "because of the *administration* of the estate." (emphasis added) The judgment appealed from ended the administration of the estate by appellant by removing him as personal representative and directing both that he turn over all assets of the estate to the new personal representative and that he file a final account. The order provided for compliance within twenty days and specified that the bond be filed at the same time. The point to be made here is that the bond, as ordered, would be protection only for those matters arising after appellant's administration had come to an end and the assets were in the hands of the successor representative. Apart from being of no value, this procedure is not sanctioned by A.R.S. § 14–3603(B) or any other probate statute called to our attention. Other remedies exist in this situation, including restraining orders (A.R.S. § 14–3607) and the contempt power of the court. We agree with appellant's position on this issue and reverse that portion of the September 9, 1980, judgment which requires the bond.

In light of the foregoing, we do not decide whether appellees established the need for a bond or whether the amount of the bond was excessive.

For the foregoing reasons, we affirm that portion of the judgment of the trial court appointing Nancy Elliston successor person-

al representative, but reverse the order requiring appellant to post a bond.

GRANT and MEYERSON, JJ., concur.