OPINION OF THE COURT
Frederick D. Dugan, S.
Petitioner, decedent’s surviving spouse and the nominated executrix, seeks to probate a certified copy of decedent’s purported will. The original will has been filed in the probate section of the Circuit Court for Pasco County in the State of Florida.
It is indicated that under the law and practice in the State of Florida, the original document, once filed in probate court, cannot be removed therefrom.
Petitioner has filed a copy of the three-page instrument certified by the clerk of the said Circuit Court and under its seal to be a true and correct copy of the purported last will and testament of decedent deposited with that court on February 22, 1982, which appears to be self-proving and has not been offered for probate in that court.
The certified instrument is dated May 17, 1977 and recites that decedent was then a resident of Hillsborough County, Florida. It directs payment of funeral expenses *941 and debts, devises and bequeaths all property to the petitioner spouse with a gift over if she predecease him and appoints the petitioner spouse as executor.
The petition filed in this court alleges that decedent died on February 12, 1982, a resident of Pasco County, Florida, survived by petitioner, and specifies that decedent was the owner of an interest in certain real property located in the County of Yates, New York. This court has exclusive jurisdiction of the estate of a nondomiciliary who left property within this county (SCPA 206).
The distributees of decedent, in addition to the petitioner spouse, are two sons, each of whom have filed a waiver of citation herein consenting that decedent’s will be admitted to probate and that letters testamentary issue to petitioner without bond.
While the Surrogate’s Court Procedure Act authorizes this court to issue a commission to take testimony in regard to a will offered for probate on file in a court where the instrument cannot be removed (SCPA 1404, subd 2), the requirements of probate may also be satisfied by the production of a duly certified or authenticated copy of the purported will from the court where the original is filed. (Matter of Keller, 32 Misc 2d 1041; Matter of Cohrssen, 15 Misc 2d 866; see 2A Warren’s Heaton, Surrogates’ Courts, § 178, par 2 [aa].)
The court must inquire particularly into all the facts and must be satisfied with the genuineness of the will and the validity of its execution before admitting an instrument to probate (SCPA 1408).
Decedent was at the time of his death and the execution of the instrument, a resident of the State of Florida. That jurisdiction requires that a will be in writing, signed by the testator and two witnesses in their common presence. The will may be proved upon oath by any attesting witness, or if they are incompetent or cannot be found, by oath of a disinterested person that the writing exhibited is the true will of the decedent. The Florida statute provides that a will may be self-proved at the time of execution by acknowledgment of it by the testator and affidavits of the witnesses attached to the instrument. Florida proceedings *942 may be based upon authenticated copies of foreign proceedings in lieu of the original will, a reciprocal procedure to that here proposed. (VII Martindale-Hubbell Law Directory, Law Digests [1984], Florida, pp 45-46.)
Here the certified copy of the instrument includes as the third page the attached affidavit of May 17, 1977 by the testator and two attesting witnesses that they were sworn and declared to the subscribing notary public that testator signed the instrument as his will and that the witnesses signed the will, all in their common presence. The attestation clause on the second page of the certified instrument recites testator’s declaration and execution of the instrument as his will who requested the witnesses to subscribe the document, all in their common presence.
Additionally, petitioner has here filed the original, current affidavit of the Florida attorney who prepared and supervised the execution of the instrument reciting its due execution and the current affidavit of the notary who administered the oath upon execution of the self-proving affidavit to the same effect.
It thus appears that the original instrument was duly executed in compliance with the probate rules in the domiciliary State of Florida. It is also noted that the self-proving affidavit is authorized in New York (SCPA 1406) and here applicable upon the waivers of citation by the distributees. Thus proven, the execution of the instrument also meets the New York standards for probate.
Here the affidavit of the Florida attorney who prepared and supervised the execution of the will raises the presumption that the will was executed in accordance with the formality prescribed by the statute (Matter of Flasza, 57 Misc 2d 347).
Upon the foregoing, the certified copy of the will is admitted to probate and letters testamentary issued to petitioner without bond.