IN THE

# Arizona Court of Appeals
## Division One

---

In re the Matter of the Estate of:

DONALD S. OLSEN
DECEDENT

---

CELESTE M. FLYNN,
*Petitioner/Appellant,*

v.

BRYANNE OLSEN, et al.,
*Respondents/Appellees.*

No. 1 CA-CV 20-0343
FILED 4-15-2021

---

Appeal from the Superior Court in Yuma County
No. S1400PB201800202
The Honorable Roger A. Nelson, Judge

**REVERSED AND REMANDED**

---

COUNSEL

Schneider & Onofry, PC, Yuma
By Charles D. Onofry
*Counsel for Petitioner/Appellant*

Wong Carter, PC, Phoenix
By Rick K. Carter, Matthew Klopp, Shane Q. Parker
*Counsel for Respondent/Appellee Bryanne Olsen*

**OPINION**

Judge James B. Morse Jr. delivered the opinion of the Court, in which Presiding Judge D. Steven Williams and Judge Jennifer B. Campbell joined.

**M O R S E**, Judge:

¶1          Celeste Flynn ("Celeste") appeals the probate court's order granting a motion to dismiss filed by Bryanne Olsen ("Bryanne"). The probate court erred by dismissing Celeste's timely petition to appoint a personal representative. We hold that when a petition to appoint a personal representative is timely filed under A.R.S. § 14-3108, the deadline to file claims under A.R.S. § 14-3803(A)(1) does not expire until after the probate court appoints a personal representative and the representative provides the notice to creditors required by A.R.S. § 14-3801. Accordingly, we reverse and remand for further proceedings.

## FACTS AND PROCEDURAL BACKGROUND

¶2          We recite only the facts necessary to resolve this dispute, viewing them in the light most favorable to Celeste, the non-moving party. *See Johnson v. McDonald*, 197 Ariz. 155, 157, ¶ 2 (App. 1999).

¶3          Generally, Celeste asserts that her father, Donald Olson ("Donald") defrauded a trust he created with his first wife ("First Trust") and moved assets that should have been in the First Trust to a trust he created with his second wife Bryanne ("Second Trust"). This purported fraud was discovered sometime after Donald died on November 15, 2016.

¶4          Celeste filed suit against Bryanne individually and as trustee of the Second Trust ("First Civil Case"). Bryanne moved to dismiss, asserting that Celeste needed to open probate because the personal representative of Donald's estate would be an indispensable party. Celeste responded that opening probate would serve no purpose because all the assets were in the Second Trust and complete relief could be obtained against Bryanne and the Second Trust.

¶5          In August 2018, the court dismissed the First Civil Case without prejudice, stating Donald's estate "is an indispensable party to the proceedings . . . . A probate case must therefore be initiated." On October 17, 2018, within two years of Donald's death, Celeste filed a petition to open

probate and requested appointment of a personal representative. Five days later, Celeste filed a new civil suit naming the yet-to-be-named personal representative as a fictitious John Doe defendant ("Second Civil Case").

**¶6**     By December 2018, the probate court had not appointed a personal representative. Bryanne moved to dismiss the probate case, asserting that "[o]pening probate proceedings will serve no purpose because [] there are no assets to be distributed" and any claims against the estate were barred by Arizona's two-year nonclaim statute because no personal representative had been appointed within two years of Donald's death. *See* A.R.S. § 14-3803(A)(1).

**¶7**     Finding Celeste's claim time barred under A.R.S. § 14-3803, the probate court granted the motion to dismiss.[1] Celeste timely appealed. We have jurisdiction pursuant to A.R.S. § 12-2101(A)(9).

## DISCUSSION

**¶8**     We review de novo an order granting a motion to dismiss. *Premier Physicians Grp., PLLC v. Navarro*, 240 Ariz. 193, 194, ¶ 6 (2016). We also interpret statutes de novo. *Vega v. Sullivan*, 199 Ariz. 504, 507, ¶ 8 (App. 2001). "Our primary objective is to discern and give effect to the intent of the legislature . . . ." *Id.* The best and most reliable indicator of intent is the language of the statute. *Id.* at ¶ 9. "If the language is unambiguous, it must be given effect as written." *Poulson v. Ofack*, 220 Ariz. 294, 297, ¶ 8 (App. 2009).

**¶9**     Bryanne argues that the time to file claims expired when the probate court did not appoint a personal representative within two years of Donald's death. In response, Celeste argues that the deadline does not run until the personal representative provides the required notice to creditors.[2]

---

[1]     Based on this order by the probate court, the civil court dismissed part of the Second Civil Case because "a personal representative had not been appointed in accordance with" the order in the First Civil Case. Celeste's appeal of the partial dismissal of the Second Civil Case remains pending in this Court. *See Flynn v. Olsen*, 1 CA-CV 20-0451. We denied Celeste's motion to consolidate the appeals.

[2]     Because we remand for further proceedings on this basis, we decline to address other arguments Celeste raises.

¶10        There is no dispute that Celeste timely sought the appointment of a personal representative.  Arizona's Probate Code provides that a "formal testacy or appointment proceeding . . . shall not be *commenced* more than two years after the decedent's death," unless an exception applies.  A.R.S. § 14-3108 (emphasis added).  When an interested party timely moves to open probate, the court shall appoint a personal representative for the estate.  *See* A.R.S. § 14-3103 (providing "a person shall be appointed [personal representative] by order of the court").  After an action is commenced, however, the Probate Code imposes no deadline on the court to make the appointment.  *See* A.R.S. § 14-3414 (describing formal proceeding to appoint representative); *see also Kinnear v. Finegan*, 138 Ariz. 34, 36 (App. 1983) (noting the statute "requires notice and an opportunity to object").

¶11        Upon appointment, the personal representative must publish a notice to "creditors of the estate to present their claims within four months," and provide written notice to known creditors.  A.R.S. § 14-3801(A), (B); *see also Tulsa Prof'l Collection Servs., Inc. v. Pope*, 485 U.S. 478, 491 (1988) (holding that due process requires actual notice to known creditors).  All claims against a decedent's estate that arose before the death of the decedent are barred if not presented within "[t]wo years after the decedent's death <u>plus</u> the time remaining in the period commenced by an actual or published notice pursuant to § 14-3801, subsection A or B."  A.R.S. § 14-3803(A)(1) (emphasis added).[3]

¶12        The plain language of A.R.S. § 14-3803(A)(1) supports Celeste's position.  The statute expressly provides that the period to file claims is two years "plus the time remaining in the period commenced by an actual or published notice" required by A.R.S. § 14-3801.  A.R.S. § 14-3803(A)(1).  If the appointment of a personal representative is timely sought, the time to file claims does not expire until after a representative is appointed and the representative gives the required notice.

¶13        Bryanne's argument that notice cannot be given after the two-year deadline would be compelling under a prior version of A.R.S. § 14-3803.  *See* A.R.S. § 14-3803(B) (1996) (barring all claims not brought within two years of the decedent's death); *see also In re Estate of Barry*, 184 Ariz. 506,

---

[3]        Other statutes may shorten the period in which one may pursue claims.  *See In re Estate of Van Der Zee*, 228 Ariz. 257, 260, ¶ 17 (App. 2011) ("Section 14-3803(A)(1) gives a claimant at least two years to file his claim, *unless* it would be earlier-barred by another statute of limitations or nonclaim statute.").

509 (App. 1996) (noting claim barred pursuant to A.R.S. § 14-3803(B) (1996) "because it had not been presented within two years after the date of [the decedent's] death"). But in 1998, the legislature extended the two-year deadline to include the notice period. *See* 1998 Ariz. Sess. Laws, ch. 203, § 11 (2nd Reg. Sess.) (H.B. 2360). Because an appointment was timely sought, and the required notice has not been given by the yet-to-be-appointed representative, any time measured from giving the required notice remains.

¶14 Bryanne relies on a prior decision of this Court in which a creditor sought to bring claims against an estate three years after the decedent's death. *Ader v. Estate of Felger*, 240 Ariz. 32, 35, ¶¶ 2-3 (App. 2016). Bryanne cites a statement in *Ader* that A.R.S. § 14-3803(A) bars claims "if a personal representative is not appointed within two years . . . ." *Id.* at 43, ¶ 36. But in *Ader*, no probate petition was ever filed, and no personal representative appointed. *Id.* at 41, ¶ 26. Admittedly, language in *Ader* could be read to conflate the *commencement* of appointment proceedings with the *appointment* of a personal representative. *See id.* at 37, ¶ 10 (stating "we turn to § 14-3108, which generally requires a personal representative to be appointed within two years of a decedent's death"). But neither an appointment nor any appointment proceedings occurred in *Ader* within the two-year deadline, meaning the distinction between commencing appointment proceedings and making the actual appointment was not at issue. *Id.* at 41, ¶ 26. Because *Ader* does not address the present situation—where a creditor timely sought appointment of a personal representative but the probate court failed to appoint one within two years of the decedent's death—it is distinguishable. *See Ariz. Corp. Comm'n v. Mountain States Tel. & Tel. Co.*, 71 Ariz. 404, 412 (1951) (noting language "unnecessary to sustain the judgment of the court" may be considered "dictum").

¶15 Thus, when a petition to appoint a personal representative is timely filed within two years of a decedent's death pursuant to A.R.S. § 14-3108, the deadline to file claims established in A.R.S. § 14-3803(A)(1) does not expire until after the probate court appoints a personal representative and the representative provides the notice to creditors required by statute. Because the deadline to file claims has not expired, the probate court erred in dismissing Celeste's petition.

**CONCLUSION**

**¶16**　　　We reverse the probate court's dismissal of Celeste's petition and remand for proceedings consistent with this opinion.　We deny Bryanne's request for attorney fees.



AMY M. WOOD • Clerk of the Court
FILED:　AA